## ARMISTEAD *vs.* THE STATE.

[INDICTMENT FOR GRAND LARCENY.]

1. *Conviction in State case; what certainty as to time of commission of offense, required.*—There can be no conviction in a State case, unless it is proven that the offense was committed before the indictment was found ; therefore, if the evidence is indefinite and uncertain, and leaves that question in-doubt, the court, at the request of the defendant, should charge the jury, that unless they are satisfied from the evidence, beyond a reasonable doubt, that the offense was committed before that time, they must find the defendant not guilty. The refusal of the court to give such a charge, is an error for which the judgment will be reversed.

2. *Government instituted in this State, in 1865, by the President ; acts of, to be held valid and obligatory, as to the people.*—The government instituted in this State in 1865, by the President of the United States, under Provisional Governor Parsons, although an illegal government, was not so utterly void as to render its acts and the acts of its officers nullities. It was a government that came into power under color of right, and recognized the constitution and laws of the United States as the supreme law of the land ; therefore, its acts and the acts of its officers, as to the people, are to be held valid and obligatory. For these reasons a grand jury, empanneled by a court held under that government, is not to be declared an illegal body, and indictments found by it void.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAMES Q. SMITH.

THE indictment in this case, which was found on the 30th day of November, 1865, charged, that before the finding thereof, "Henry Armistead feloneously stole, took, and carried away, one bale of cotton of the value of $200, the property of Wm. Edwards," &c., &c. A trial was had on the indictment, at the January term, 1869, of the circuit court, and the defendant was found guilty, and sentenced to two years imprisonment in the penitentiary.

The defendant reserved a bill of exceptions; so much thereof, as is material to be set out, is as follows: "The solicitor, to make out the case, introduced one Meadows,

Armistead v. The State.

who testified that some time in the fall of 1865, he saw the defendant in the act of rolling the bale of cotton out of the house in which it was stored; that the defendant ran, and on being overtaken and arrested, acknowledged to witness that he was the man so rolling the cotton out of the house. The solicitor offered another witness, who testified that he was present that night, after defendant had been arrested and detained by said Meadows, and that it was in the month of November, 1865."

After the court had charged the jury upon the law, applicable to the case, the defendant asked the court to charge the jury, "that unless they are satisfied from the evidence, beyond a reasonable doubt, that the offense charged in the indictment, was committed before the 30th day of November, 1865, they must find the defendant not guilty, which charge the court refused to give, and the defendant excepted. The court, however, charged the jury that the State was bound to prove every material fact in the case, beyond a reasonable doubt."

The defendant appeals to this court, and now assigns as error:

1. That the court refused to give the charge asked.

2. That the grand jury who found the indictment was an illegal body.

3. That the supposed indictment is a nullity.

J. FALKNER, for prisoner. (No brief on file.)

JOSHUA MORSE, attorney-general, contra.—1. The acts of an actual, though unlawful government, designed to provide remedies for injuries to person or property, and necessary to peace and good order among citizens, will be upheld by the courts.—See The State of Texas v. White, Chiles et al., U. S. Law R., June, 1869, p. 88.

The decisions of this court in the case of Hall v. Hall, and Powell, Adm'r, v. Boon & Booth, at this term, are in harmony with the above case.

2. The charge was properly refused. The record shows that the "plaintiff in error, was not entitled to an acquittal.

The evidence of his guilt is clear and uncontradicted; there is no conflict whatever. Therefore, even if the charge asserted a legal proposition, and was improperly refused, the refusal is no ground for reversal.—*Caruthers & Kinkle v. Mardis*, 3 Ala. 599 ; *Shephard v. Nabors*, 6 Ala. 631 ; *Smith v. Houston*, 8 Ala. 736 ; *Brock v. Yongue*, 4 Ala. 584.

PECK, C. J.—1. The charge asked should have been given. The State was bound to prove the offense charged, was committed, if committed at all, before the finding of the indictment.

Was the evidence, as to this question so certain, positive and credible, as necessarily to exclude all doubt from the minds of the jury ? We think not. Whatever effect it may have had upon the mind of the judge who tried the cause, it was not a question for his determination ; the jury alone could properly decide it. Therefore, the court should have given the charge asked, and left the question with the jury, to be considered and settled by them. There is no objection to the form and matter of the charge.

The witnesses examined by the State could not, or, at least, did not, state the day on which the offense charged, was committed. The first witness says it was in the fall, in the months of October or November. The only other witness examined by the State, says it was in the month of November, 1865. There was no evidence offered on the part of the accused.

The indictment was found on the 30th of November, 1865.

As the evidence on the behalf of the State does not exclude all doubt, as to the day the offense charged was committed, the charge asked should have been given. One witness says it was in the fall, in the months of October or November. The other witness, whose name is not given, says, generally, it was in the month of November, 1865.

Now, no body knows better than the profession, that there is nothing about which witnesses are so often at fault, and so often mistaken, as in fixing the exact day or time, on

which any particular event happened.   Then, again, in this case, and all others, the jury only are competent to decide what credit is to be given to the witnesses examined before them.   For these reasons, and others that might be given, we hold the court below erred in refusing to give the charge asked.

2. Another question is made by the counsel of the accused.   It is this : He says " the grand jury who found the indictment, was an illegal body."

The court at which the indictment in this case was found, was held under the government brought into being by the President of the United States, through the instrumentality of Provisional Governor Parsons, who inaugurated the government of which Robert M. Patton was governor.

We have decided at this term of the court, in the case of Catharine A. Hoffman, by her guardian, *Marcus A. Powell v. Boon & Booth, Administrators, &c.*, that this latter government was not a void government; that it was a government which came into existence under color of right, and recognized the constitution of the United States, and the laws thereof, as the supreme law of the land; that it was afterwards recognized by congress, the political department, as a provisional government, and was permitted to be continued as a provisional government, under the control and paramount authority of congress; and, therefore, its acts were obligatory upon the people.   We hold that the acts of congress that gave, to a certain extent, validity to the government under Governor Patton, did the same thing for the government under Provisional Governor Parsons, on the principle that the child is no better than the parent.   We think this view of the matter is sustained by the decision of the supreme court of the United States in the case of *The State of Texas v. White, Chiles et al.*, known as the Texas bonds case.

In that case, the court did not undertake to fix any exact definitions, within which the acts of such a State government as Texas was, were to be treated as valid or invalid, but said generally and in substance, that acts that gave security and protection to the people, provided remedies

for injuries to person and estate, and promoted the general welfare of the community generally, were to be treated as valid, but, that acts in furtherance and support of the rebellion, were to be regarded as invalid and void.

Tested by these views, we are prepared to say, that the government in this State, under Governor Parsons, although illegal, was not so utterly a nullity, as to render its acts void. And, further, that the course pursued by congress, in relation to said government, and the same governments instituted in the other rebel States, and the recognition given to said government by the legislation of this State, and by acquiesence since the passage of what are known as the reconstruction acts, render the acts of that government not inconsistent with the constitution and laws of the United States, valid and obligatory on the people of this State.

This, we think, a wise and prudent, as well as legal view, to be taken of this novel and difficult question. We, therefore, hold that the grand jury who found this indictment, although it may be said to be an illegal body, its acts, like the government itself, of which it was a constituent part, are valid.

For the error in refusing to give the charge asked, the judgment is reversed, and the cause remanded to the court below for a new trial, and the accused will be retained in custody until discharged by due course of law.