# McClellan v. The State.

*Indictment for selling Vinous, Spiritous and Malt Liquors.*

1. *Objection to evidence.*—Where evidence is clearly illegal, incompetent and irrelevant on its face, it is not necessary that a specific objection should be made to its admissibility, in order to have it excluded from the jury.

2. *Same; evidence; res inter alios acta.*—On a trial under an indictment for selling liquors contrary to law, a conversation had between the principal witness for the State and a third person, not in the presence of the defendant, as to the purchase of the whiskey testified to by the State's witness, is inadmissible as being *res inter alios acta.*

3. *Trial and its incidents; putting of witness under the rule within the discretion of the trial court.*—The putting of a witness, after he has testified, under the rule, as invoked in the commencement of the trial, rests within the sound discretion of the trial court; and the exercise of this discretion is not revisable on appeal.

4. *Character witness; when shown competent to testify.*—Where, during the examination of witnesses touching the character of another witness sought to be impeached, said witnesses testified that they thought they knew the general character of such witness for truth and veracity, and afterwards affirmed positively that they did know it. they are competent to testify as to what was the general reputation of the witness inquired about; the value of their testimony being left to the determination of the jury.

5. *Selling liquor contrary to law; charge of court to jury.*—On a trial under an indictment for selling liquors contrary to law, where it is shown that one B. gave M. money to buy whiskey for him, and they went into the back room of the defendant's store, where M. obtained the whiskey, and then gave the defendant the money which had been given to B., M., and not B., was the purchaser of the whiskey; and a charge which instructs the jury that if they did not believe beyond all reasonable doubt that the defendant sold the whiskey to B., they must acquit him, is abstract and erroneous.

6. *Charge of court to jury; reasonable doubt.*—A charge in a criminal case, which instructs the jury that "if the testimony is so conflicting, that after weighing it all, the jury is still in doubt as to whether the defendant" is guilty, they must acquit him, is erroneous and properly refused, in that it omits the word *reasonable* as qualifying doubt.

7. *Credibility of witness; charge as to the testimony of witness when willfully false in part.*—The credibility of witnesses is entirely a question for the determination of the jury; and a charge which instructs

the jury that if the testimony of a witness was willfully false in any one material point, they may discard all of such witness's testimony, asserts a correct legal proposition and should be given.

APPEAL from the Circuit Court of Calhoun

Tried before the Hon. GEORGE E. BREWER.

The appellant was indicted, tried and convicted for selling spiritous, vinous and malt liquors without a license, and contrary to law.

On the trial of the case, as is shown by the bill of exceptions, the State introduced as a witness, one Bray, who testified that in November, prior to the finding of the indictment, he was in the town of Alexandria, where the defendant kept a store; that he went to the defendant's store and asked him for whiskey, and defendant told him he did not have any; that thereupon he left the store and met one Henry Martin about 30 or 40 yards from defendant's store; that he, the witness, asked Martin if he knew where he could get some whiskey, and Martin said: "I have not got any whiskey, and I havn't got any money to pay for whiskey with, but if you will furnish the money I can get some whiskey;" that witness then said to Martin here is the money, and gave him twenty cents, and that he and Martin went into the back room of the defendant's store. The defendant objected to the conversation between Martin and witness, but stated no grounds of objection. He also moved to exclude the conversation with Martin, which the witness detailed, as above set out. The court overruled the motion, and the defendant duly excepted. The witness then testified that Martin went into the back room of the store ahead of him, and when he went in he saw a pint bottle of whiskey sitting on the head of a barrel; that Martin said to him: "There is your whiskey;" that then he saw the defendant get the money (twenty cents) from Martin, which he, the witness, had given Martin. This witness testified that there was in the room of the store at the time, Henry Martin, the defendant and a young man, and that there were no other persons present. On the cross-examination, the witness Bray testified that he remembered seeing Mr. William A. Prickett during the last term of court, and that

he told said Prickett that they were trying to get him to swear before the grand jury that he bought liquor from the defendant, but that he did not tell Prickett he never got any whiskey from the defendant. He further testified, on cross-examination, that he did not remember seeing Mr. Sam Crook, and did not recall having a conversation with him in Alexandria the spring before the trial, in which he said, that he never got any whiskey from the defendant.

Before the examination of the witness commenced, the solicitor had asked that the witnesses be put under rule; and after the witness Bray left the stand, and Henry Martin was called as a witness to testify for the defendant, the solicitor asked that the witness Bray be then excused from the rule, and allowed to remain in the court room while the witnesses for the defendant were testifying; stating at the time that Bray was the only State witness, and predicates had been laid for the purpose of impeaching him. Counsel for the defendant objected on the ground that the solicitor had called for the rule, and asked the solicitor if he intended to examine the witness Bray again. To this question the solicitor replied that he did not know, and thereupon the counsel for the defendant requested that the witness Bray be required to leave the court room, if he was again to be examined as a witness. The court declined to comply with this request, and the defendant duly excepted.

The witness Henry Martin testified that he did not get twenty cents from the witness Bray to purchase whiskey, but that Bray asked him if he had any whiskey, and that upon his telling him that he did not, one Dave Brown who was standing near said that he had some whiskey and would give the defendant a drink; that thereupon they went into the back room of defendant's store and Brown took from his pocket a quart bottle and sat it on the head of a barrel, and told the witness Bray to take a drink; that there was present at the time several people, including the defendant, the witness Bray, Jim Turner, John Wood and Dave Brown, and they all took a drink together, and that there was no whiskey purchased from the defendant at all.

Other witnesses were examined for the defendant and testified to substantially the same facts as did the witness Martin; the testimony of each of these witnesses contra-

dicting the testimony of the witness Bray as to the getting of the whiskey from the defendant, and as to who were present at the time in the back room of the defendant's store.

W. A. Prickett and Sam Crook, each testified to the witness Bray making the statement to them which he denied making in his examination.

The defendant as a witness in his own behalf, testified that neither the witness Bray nor the witness Henry Martin got any whiskey from him at the time designated.

One Cross was introduced as a witness for the State, in rebuttal, and testified : "that he had known the witness Bray for four or five years, and thought he knew his general character and his general character for truth and veracity in the neighborhood where said Bray lived." In answer to the question : "Is his general character for truth and veracity good or bad?" The witness answered, "It is good." Thereupon the defendant moved to exclude the answer, on the ground that the witness had not shown himself competent to testify as to Bray's character, and that his testimony was a mere opinion. The court overruled the objection and motion, and the defendant separately excepted.

The bill of exceptions then recites : "E. T. Clark, witness for the State, testified that he had known the witness Bray for three or four years. The solicitor then asked the witness this question : 'Do you think you know his general character in the neighborhood in which he lives?' The defendant objected to the question on the ground that it is not sufficient for the witness to merely think he knows the character of another before he testifies about it, and because illegal, irrelevant, incompetent. The court overruled the objection, and the defendant excepted. The solicitor then asked the same question as to the general character of the witness for truth and veracity. The witness answered "Yes." The solicitor then asked what is his general character in the neighborhood for truth and veracity. The witness then answered : "It is good so far as I know," and finally answered "it is good," and the defendant moved to exclude the answer on the grounds that it was irrelevent, incompetent and inadmissible."

The defendant requested the court to give to the jury the following written charges, and seperately excepted to the court's refusal to give each of them as asked : (1.) "The court charges the jury that it is the duty of the State to make out a case beyond all reasonable doubt, that Sam McClellan sold the whiskey to Bray, or the jury must acquit." (2.) "If the testimony is so conflicting that, after weighing it all, the jury is still in doubt as to whether the defendant did or did not sell the whiskey, they must acquit." (3.) "The court charges the jury that if they believe from the evidence that Bray willfully and intentionally swore that he did not have the conversations with Crook and Prickett as testified by them, then they may discard all that Bray testified." (4.) "One way to impeach a witness is by showing that he made statements out of court contrary to what he swears in court ; and if the jury are satisfied that any witness testified willfully and falsely contrary to any statements made by such witness out of court about this matter here testified about, they may discard such testimony."

D. D. McLEOD & J. T. MARTIN, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.
1. The rulings of the trial court as to excusing the witness. Bray from the rule, was not revisable.—*L. & N. R. R. Co. v. Barker*, 96 Ala. 435 ; *R. & D. R. R. Co. v. Vance*, 93 Ala. 144 ; *Thompson v. State*, 100 Ala. 70.
2. The character witnesses were shown to be competent to testify as to the character of the witness inquired about, and charges requested by the defendant were properly refused.—*Crawford v. State*, 112 Ala. 1 ; *Peterson v. State*, 74 Ala. 34.

BRICKELL, C. J.—1. A specific objection to evidence illegal or irrelevant on its face, has never been deemed necessary.—1 Brick. Dig. 887, § 1189 ; *Washington v. State*, 106 Ala. 58 ; *Gunter v. State*, 111 Ala. 23. Within this category, falls the conversation between the witness Bray and one Martin, before going to the defendant's house or place of business. As to the defendant the conversation was mere *res inter alios acta* by which he cannot, and ought not to be affected.

[McClellan v. The State.]

2. The refusal of the court to put the witness Bray under the rule, compelling his withdrawal from the court room, was matter resting in the sound discretion of the trial court, and is not revisable.—*McGuff v. State,* 88 Ala. 147; *Ryan v. Couch,* 66 Ala. 244.

3. The defendant having introduced evidence tending to discredit the witness Bray, it is not to be doubted, that it was competent for the State to support him by calling witnesses to show that his general character was good. The mode of examination of witnesses as to character usually pursued, is to inquire of the witness if he knows the general character of the person in question in the neighborhood or community in which he resides, and if he answers affirmatively, to inquire whether that character is good or bad. The witness is, of course, subject to cross-examination as to the sources and extent of his knowledge and information; and ordinarilly, the court will not on the preliminary inquiry determine whether he has sufficient knowledge of the fact to enable him to testify, but will leave the value of his testimony to be determined by the jury.—1 Green. Ev., § 461. The court below did not determine that the witnesses Clark and Cross were qualified to testify as to the character of Bray, upon the mere expression by them that they *thought* they knew his general character. It was not until they affirmed as a fact that they knew it, they were permitted to answer the further inquiry whether it was good or bad. Witnesses not infrequently upon the preliminary inquiry, employ expressions of this kind, but if accompanied by positive affirmation of knowledge of the fact involved, at most, such expressions are mere matter of comment to the jury.

4. The indictment is in the form prescribed by the Code, not alleging the person to whom the sale of the whiskey was made. If there was a sale, all the evidence tends to show that Martin, not Bray, was the buyer. Bray furnished the money, but it was furnisned for the purpose of enabling Martin to buy, and he alone was known to, or dealt with the defendant as buyer. The first instruction requested by the defendant was therefore not relevant to the evidence—it was abstract. The second instruction was faulty because of the omission of the word *reasonable* as expressive of the doubt requiring an acquital.

5. The third instruction should have been given upon the authority of *Grimes v. State*, 63 Ala. 169; *Childs v. State*, 76 Ala. 93; *Jordan v. State*, 81 Ala. 31; *A. G. S. R. R. Co. v. Frazier*, 93 Ala. 51. The fourth instruction, the original of which has been certified here for inspection, was intended to assert the proposition embodied in the third; it is not very clearly expressed, and for that reason was, perhaps, properly refused; if this be true, upon another trial, the insufficiency may be avoided.

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

