# Seawright *v.* The State.

## *Murder.*

(Decided April 22, 1909. 49 South. 325.)

1. *Charge of Court; Reasonable Doubt.*—In a criminal case, a charge asserting that unless the jury believe from the evidence that accused is guilty, they should find him not guilty, is improperly refused, since there must be a belief of guilt before there can be a belief of guilt beyond a reasonable doubt; the fact that the charge was too favorable to the state is not a subject of which the state can complain.

2. *Same; Singling Out Testimony.*—A charge asserting that if the jury were satisfied from all the evidence that a named witness testified falsely to any material fact, they could in their discretion disregard his whole testimony, is properly refused for singling out testimony.

3—160

[Seawright v. The State.]

3. *Same; Ignoring Issues; Matters Charged in Indictment.*—Where the indictment charged murder in the 1st degree, thereby including the lesser grades of the offense, the jury will not be authorized to acquit the defendant because they might not believe from the evidence that he killed decedent unlawfully, and with malice aforethought.

4. *Same; Inapplicable to. Evidence.*—A charge postulated upon the facts that the state's evidence consisted of the testimony of the named witness, or of a single witness, is properly refused where other witnesses testified to facts going to show flight and concealment under an assumed name, although there was but one eye witness to the killing.

5. *Same; Undue Prominence.*—A charge asserting that if the jury believe that a named witness had made contradictory statements as to material facts, they could look to such contradictory statements to determine what credence they would give to his testimony, is proper, and is not open to the objection that it gave undue prominence to particular evidence.

7. *Same; Misleading Instructions; Credibility of Witness.*—A charge asserting that if the jury should find that a witness had made conflicting and contradicting statements on two occasions, it was for them to determine which statement they should believe, or which statement they should not believe, or whether they should believe either, or any part of either of them, was misleading, as tending to the conclusion that the jury might reject the entire testimony of the witness on account of a conflict as to immaterial matters.

7. *Same.*—A charge asserting that if the testimony of a witness had been impeached, the jury could disregard his entire testimony unless it was corroborated by other testimony not impeached, was improperly refused.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Dave Seawright was convicted of murder in the second degree, and appeals. Reversed and remanded.

The following charges were refused to the defendant: "(1) Unless the jury believed from the evidence that the defendant is guilty, they should find him not guilty. (2) If you are satisfied from all the evidence that Frank Turner (or Turnley) testified falsely to any material fact, then you can, in your discretion, disregard his whole testimony. (3) Unless the jury believe from the evidence that the defendant killed Will Cole, and further believe that he killed him unlawfully, and with malice aforethought, as charged in the indictment, then you should

acquit the defendant. (4) If the evidence of the state consists in the statement of a witness, of the truth of which the jury has a reasonable doubt, they cannot convict on such evidence, although they may not believe the testimony of defendant, or of defendant's witnesses. (5) The court charges the jury that if they find from the evidence that witness Frank Turner (or Turnley) has made contradictory statements as to material facts in this case, or any of such facts, the jury may look to these contradictory statements in order to determine what credence they will give to the testimony of said witness. (6) The testimony of witness Frank Turner (or Turnley) given before the coroner's jury is in evidence before you, and it is for you, gentlemen of the jury alone, to determine, should you find his statement on these separate occasions conflicting and contradictive, which statement you should believe, and which statement you should not believe, or whether you should believe either, or any part of either, of them. (7) If you find that the testimony of the witness Frank Turner (or Turnley) has been impeached, then the jury may disregard the entire testimony of such witness, unless it be corroborated by other testimony not so impeached; and if after hearing all the testimony and according to each part of it such weight as it is entitled to, you are not convinced beyond all reasonable doubt that the defendant, Dave Seawright, shot and killed Will Cole, as alleged in the indictment, then you should find the defendant not guilty."

GEORGE P. JONES, and S. W. FRIERSON, for appellant. Charge 2 should have been given.—*Prater v. The State,* 107 Ala. 27. Charge 4 should have been given.—*Segars v. The State,* 86 Ala. 59. Charge 5 should have been given.—*Hale v. The State,* 124 Ala. 3; s. c. 123 Ala. 85; *Pitts v. The State,* 140 Ala. 70. Charge 6 should have

been given.—*Burton v. The State,* 115 Ala. 1. Charge 7 should have been given.—*Churchwell v. The State,* 117 Ala. 124; *Jordan v. The State,* 81 Ala. 31; *Elmore v. The State,* 92 Ala. 51; *Smith v. The State,* 88 Ala. 73.

ALEXANDER M. GARBER, Attorney General, for the State.

SAYRE, J.—Defendant was convicted of murder in the second degree, and appeals. The questions presented for review arise out of the refusal of the trial court to give certain written charges requested by the defendant.

Charge 1 should have been given. It is settled that unless the jury believe, beyond a reasonable doubt, that the defendant in a criminal prosecution is guilty, they must return a verdict of not guilty. The charge in question did not require so much, and certainly the jury must believe guilt before they can believe guilt beyond a reasonable doubt. The state cannot complain that the charge was too favorable to it.

Charge 2 was condemned in *Prater v. State,* 107 Ala. 26, 18 South. 238. We see no room for substantial differentiation between that case and this.

The indictment was aptly framed to charge murder, but it contained also a charge of manslaughter. Charge 3 asserted a faulty proposition of law, and was properly refused.

There was one eyewitness only to the killing; but other witnesses testified to facts going to show flight and concealment under an assumed name—incriminating circumstances. There was an attack upon the credibility of the eyewitness. The postulate of charge 4 that the evidence of the state consisted in the statement of a witness was unwarranted, and the charge was properly refused for this, if not for other reasons.

In *Hale v. State,* 122 Ala. 85, 26 South. 236, in *Pitts v. State,* 140 Ala. 70, 37 South. 101, and in other cases cited in the first-named case, it was held that charges in the identical language of charge 5 were "not offensive to the rule against giving undue prominence to particular parts of the evidence." The charge should have been given.

If there was conflict in the testimony of the witness Frank Turner, as given before the coroner's jury and that given at the trial, it was concerned, in part at least about immaterial matters. If not otherwise vicious, charge 6 had a tendency to mislead the jury, and was properly refused, for that it might have led the jury to conclude that they might reject the witness' entire testimony for a conflict in immaterial matters.

Charge 7 should have been given.—*Churchwell v. State,* 117 Ala. 124, 23 South. 72.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.