# Rose v. The State.

### Violating Prohibition Law.

(Decided April 4, 1912.    58 South. 680.)

1. *Evidence; Documents; Official Letters.*—Notwithstanding the provisions of Sections 22 and 29, Acts 1909, p. 63, and Section 7383, Code 1907, a letter from the United States Revenue Collector to the sheriff reciting that the accused had secured a United States internal revenue license, is inadmissible in evidence, although the letter is sworn to.

2. *Trial; Objection to Evidence.*—Where the evidence is illegal or irrelevant on its face, a specific objection is not necessary.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

J. H. Rose was convicted of violating the prohibition law, and he appeals.    Reversed and remanded.

A. WHALEY, for appellant. The court erred in admitting the letter from the United States revenue collector.—Sections 3983, 7361, and 7383, Code 1907; Black's Law Dictionary, 1891, p. 871. Counsel discuss other assignments, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The judgment is not sufficient to support an appeal.—*Ayers*

*v. The State,* 71 Ala. 11.   The appeal must, therefore, be dismissed.—*Nichols v. The State,* 100 Ala. 23; *Marks v. The State,* 131 Ala. 44.   It was permissible to introduce the paper showing the defendant held a revenue license.—Section 22½, Acts 1909, p. 84; *Roden v. The State,* 3 Ala. App.   Counsel discuss charges refused, but without citation of authority.

DE GRAFFENRIED, J.—Section 22½ of an act approved August 25, 1909, and entitled "An act to further suppress the evils of intemperance," etc. (Gen. and Local Acts, Special Session 1909, p. 63), provides that upon the trial of a complaint, warrant, or indictment, or in any other judicial proceeding in which any person, firm, or association or corporation is charged with having sold or offered for sale spirituous or malt liquors, or prohibited liquors or beverages, it shall be competent to prove that the party charged has, for the place and period of time involved, paid a wholesale or retail dealer's, or wholesale or retail malt liquor dealer's, special United States internal revenue tax, according as the charge may be; and the fact of the payment of such wholesale or retail dealer's or wholesale or retail malt liquor dealer's special United States internal revenue tax for the place and covering the period involved shall be deemed to be and constitute prima facie evidence that the party paying the same or to whom it was issued had sold or offered for sale the liquors for which or for the privilege of selling which said special tax had been paid.

Section 7383 of the Code makes it the duty of the sheriffs of the various counties between the 1st and 15th of January and July of each year to procure from the office of the United States internal revenue collector the name of each person, firm, or corporation to whom a United States internal revenue license has been issued

to sell spirituous, vinous, or malt liquors in the county of which he is sheriff during the preceding 12 months, and to cause to be published for three successive weeks in some newspaper in said county the name and place of business of each such persons, firms, and corporations.

Section 29 of the above act approved August 25, 1909 (Gen. and Local Acts, Special Session 1909, p. 89), requires the sheriff, in addition to publishing the names of the holders of such revenue licenses as required in section 7383 of the Code, to also deliver a list containing the names of such persons, firms, or corporations holding such revenue licenses to the solicitor, his deputy, or other prosecuting officer or attorney who prosecutes criminal cases in the county on behalf of the state; but neither of the above sections of the above act nor the above section of the Code, nor any other statute of the state to which our attention has been called, provides that the certificate of the United States revenue collector to the sheriff of a county that a license has been issued to a person, firm, or corporation shall be receivable in evidence on the trial of any person, firm, or corporation charged with a violation of the prohibition law.

The bill of exceptions in this case recites that the solicitor for the state, against the seasonable objection of the defendant, was permitted by the court to introduce in evidence a certain letter which was written on the 14th day of April, 1911, from Birmingham, Ala., and signed by Sam P. Jones, and which letter was addressed to J. N. Livings, sheriff of Covington county, Ala. In the letter, which seems to have been sworn to on said 14th day of April, 1911, before W. J. Whittaker, a notary public, the said Sam P. Jones informed the said sheriff that the Evergreen Society R. L. D., Andalusia,

Ala. (J. H. Rose, proprietor), had secured a United States internal revenue license to do business in Covington county from July to the date of the letter. The evidence further tended to show that the J. H. Rose mentioned in the letter was the defendant in this case, and we presume that the information which was conveyed by the said Sam P. Jones to the said sheriff was that the said J. H. Rose had secured a United States internal revenue license to do business in Covington county from July, 1910, to the date of the letter, on April 14, 1911. After having seasonably objected to the introduction of the said paper, the defendant also moved the court to exclude the said paper from the evidence, but the court overruled the motion, and permitted the paper to remain in evidence before the jury. The defendant properly reserved his exceptions to the ruling of the trial court in overruling his objections to the introduction of the paper, and also in overruling his motion to exclude the paper from the evidence.

It is manifest that the above paper was illegal or irrelevant on its face, and it has been many times held that "a specific objection to evidence illegal or irrelevant on its face has never been deemed necessary."—1 Brickell's Dig. p. 887, § 1189; *Washington v. State,* 106 Ala. 58, 17 South. 546; *Gunter v. State,* 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; *McClellan v. State,* 117 Ala. 140, 23 South. 653.

It is therefore evident that the trial court committed reversible error in permitting the said paper to be introduced in evidence before the jury, and for this error the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.