# McSwean *v.* The State.

*Violating Prohibition Law.*

(Decided February 3, 1914.  64 South. 543.)

1. *Witnesses; Bias; Examination.*—Where the witness was the complaining party and a witness against the defendant, defendant was entitled to show that after he had the witness prosecuted for disturbing religious worship, witness had defendant arrested in this case, as such matter tended to show bias against the defendant.

[McSwean v. The State.]

2. *Same.*—It was competent on cross-examination of the state's witness to show that defendant had protested against his daughter living in the same house with the witness, and that for this reason, the witness entertained bad feelings towards accused.

3. *Same.*—In a criminal case any fact may be elicited on the cross-examination which tends to show a witness's hostility towards the party against whom he testifies.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

Charlie McSwean was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

A. B. FOSTER, for appellant. No brief reached the Reporter.

· R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The person who made the complaint on which the appellant was prosecuted was a witness against him. The court sustained the objection of the solicitor to a question asked this witness on his cross-examination which sought to elicit the fact that it was·after the defendant had the witness prosecuted for disturbing religious worship that the witness swore out the warrant against the defendant. The evidence called for would have had a tendency to show that the witness was influenced by a hostile bias toward the defendant. On a cross-examination any fact may be elicited which tends to show the hostility of the witness toward the party against whom he testifies.—*Alabama Great Southern R. Co. v. Johnston,* 128 Ala. 283, 29 South. 771; Jones on Evidence, § 828.

The court sustained an objection of the solicitor to a question asked by the defendant on his cross-examination of another witness which sought to elicit the fact that over the objection and protest of the defend-

ant and without his consent his daughter was living in the house with the witness, and that for that reason the feelings of the witness towards the defendant were bad. We are of opinion that the court was in error in the above-mentioned rulings, each of which was duly excepted to. The effect of each of the rulings was to put an undue restraint upon the exercise of the right of cross-examination.

Reversed and remanded.