# Fortner *v.* The State.

*Adultery.*

(Decided January 21, 1913.   67 South. 720.)

1. *Evidence; Confessions; Predicate.*—Confessions are, prima facie, involuntary, and the court should ascertain that they are voluntarily made before admitting them.

2. *Same; Presumption as to.*—Where the record does not affirmatively show that the trial court did not ascertain that the confessions were voluntary before admitting them, the presumption will be indulged that the court did its duty and required a proper predicate before permitting the introduction of the confessions.

[Fortner v. The State.]

3. *Same; Evidence of.*—The fact that the defendant admitted that he had a wife in another state was material to the offense of adultery, and properly admitted as a confession of the fact.

4. *Adultery; Evidence; Sufficiency.*—Proof of statements imputed to a defendant in a prosecution for adultery, as to endearing terms used by him in speaking of the woman with whom the offense was alleged to have been committed, was admissible.

5. *Same.*—The evidence examined, and held to sustain a conviction for living in a state of adultery.

6. *Charge of Court; Misleading.*—It is proper to refuse charges which have a misleading tendency.

7. *Same; Verbally Inaccurate.*—A charge containing the word "beyound" for beyond, may be refused for that reason without error.

8. *Same; Reasonable Doubt.*—A charge asserting that if after the jury have investigated the evidence and compared it in all its parts, they can say to themselves that they doubt the guilt of the accused, then they have a reasonable doubt, is refused without error.

9. *Criminal Law; Evidence to Convict; Sufficiency.*—Evidence which excludes every reasonable hypothesis but that of guilt is sufficient upon which to sustain a conviction.

APPEAL from Cleburne Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Tom Fortner, alias, etc., was convicted of living in adultery, and he appeals. Affirmed.

T. H. SHACKELFORD and J. R. BARKER, for appellant. The court erred in refusing charge 1.—*Bodiford v. The State,* 86 Ala. 67. Also in refusing charge 2.—*Letcher v. The State,* 159 Ala. 59. Also in refusing charges 3 and 6.—*McDonald v. The State,* 165 Ala. 85, and authorities, supra.

WM. L. MARTIN, Attorney General and T. H. SEAY, Assistant Attorney General, for the State. The court was not in error in its ruling on the admission of evidence.—*Cameron v. The Stae,* 14 Ala. 546; *Buchannon v. The State,* 55 Ala. 154. The charges were well refused.

BROWN, J.—Inculpatory confessions, voluntarily made, are admissible as evidence tending to show guilt:

and while such confessions are prima facie involuntary, and therefore inadmissible, it is the duty of the trial court, in all cases, before permitting such confessions to be shown, to ascertain that they are voluntary, and on appeal, unless the record affirmatively shows that this duty was not performed by the court, the presumption will be indulged that a proper predicate was laid for the admission of the evidence.—*Whatley v. State,* 144 Ala. 75, 39 South. 1014; *Price v. State,* 117 Ala. 113, 23 South. 691; *Gilmore v. State,* 126 Ala. 20, 28 South. 595.

The statement of the defendant to the witness Willie Robinson that he (defendant) had a wife about Whitesburg, Ga., was an inculpatory admission or confession of a fact material to the defendant's guilt of the offense of adultery, and it was proper to allow the state to offer this evidence.—*Williams v. State,* 54 Ala. 131, 25 Am. Rep. 665; *Buchanan v. State,* 55 Ala. 154; *Cameron v. State,* 14 Ala. 546, 48 Am. Dec. 111; *Banks v. State,* 96 Ala. 80, 1 South. 404; *Moore v. Heineke,* 119 Ala. 637, 24 South. 374; *Bynon v. State,* 117 Ala. 82, 23 South. 640, 67 Am. St. Rep. 163.

The statements imputed to the defendant by the testimony of the witness Otwell, as to the endearing terms used by the defendant in speaking of Martha Steel, the woman with whom defendant was charged with living in adultery, and as to defendant's having a wife, were of the same class, and were admissible, as the court correctly held.

There was evidence tending to show that the defendant, a man, and Martha Steel, a woman, lived together in a house rented by the defendant and situated a quarter of a mile from the residence of any other person; that no one else lived with them; that they were seen together often; that they worked together and slept in

the same bed, and on several occasions were seen lying close together on the same pallet; that the defendant referred to Martha as his darling; and that the defendant had a wife living in the state of Georgia. While there was no positive proof that the defendant and Martha engaged in acts of sexual intercourse, the evidence was sufficient to afford an inference that such was the case, and that there was an agreement or understanding that this relation would be and was continued. On this evidence, the defendant was not entitled to the affirmative charge.

Charge 2 had a tendency to mislead the jury to the conclusion that, although there was an agreement or understanding between the defendant and the woman that they would live together and have occasional acts of sexual intercourse together, still they would not be guilty; and this misleading tendency justified the refusal of this charge. In addition to this, the word "beyound" is used for "beyond," and the refusal of the charge may be justified for this reason.

Charge 3 is argumentative, and does not properly define a reasonable doubt. The charge asserts that if, after "you have investigated the evidence and compared it in all of its parts, you say to yourselves, 'I *doubt* if he is guilty,' then you have a reasonable doubt." In other words, any kind of a doubt, after consideration of the evidence, is a reasonable doubt.

Charge 6 was properly refused, for the reason that it requires the evidence to exclude to a moral certainty "every hypothesis" but that of guilt. The rule is that, if the evidence excludes every reasonable hypothesis but that of guilt, it is sufficient.

We find no error in the record, and the judgment of the circuit court must be affirmed.

Affirmed.