# Harrison v. The State.

## Violating Prohibition Law.

(Decided April 8, 1915. 68 South. 532.)

1. *Intoxicating Liquors; Time.*—In a prosecution for the sale of liquor, the state must prove that the sale was within twelve months before the finding of the indictment.

2. *Charge of Court; Credibility; Witness.*—Where there was only one witness who testified as to the unlawful sale of liquor, stating that it was his best judgment that the sale was made within twelve months before the finding of the indictment, but also made other conflicting statements relative thereto, the court should have instructed the jury that if they believed the memory of the witness was so defective as to be unreliable, they could disregard his testimony and acquit.

3. *Same.*—Where there was only one witness for the State in a prosecution for the sale of liquor, the court should have instructed the jury that they might disregard his entire testimony if they believed he knowingly testified falsely.

4. *Witnesses; Cross-Examination; Bias.*—The witness for the state may be cross-examined by the defendant relative to the activity and interest in the prosecution of one in whose employ the witness admittedly was.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH B. MERRILL.

Frank Harrison, Jr., was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

RIDDLE & ELLIS, for appellant. The court should have given the charges requested by the defendant, as only one witness testified against him.—*Adams v. The State,* 57 South. 591; *Jackson v. The State,* 57 South. 596; *Naugher v. The State,* 60 South. 459. It was competent to show that the employer of the witness had taken an active interest in the prosecution.—*Garner v. The State,* 58 South. 123; *Nelson v. The State,* 65 South. 844.

[Harrison v. The State.]

W. L. MARTIN, Attorney General and T. H. SEAY, Assistant Attorney General for the State.

THOMAS, J.—The only witness examined by the state was one Louis Raines, who testified to buying six bottles of beer from the defendant. Even though the jury may have believed beyond a reasonable doubt that the defendant sold the witness the beer at the place as claimed by him, yet, if the jury had a reasonable doubt as to whether the sale took place within 12 months before the finding of the indictment, the defendant was entitled to an acquittal; since it is equally essential that the state prove the time as that it prove the fact of the sale.—*Molett v. State,* 33 Ala. 408; *Armistead v. State,* 43 Ala. 340; *Lyon v. State,* 61 Ala. 224.

The testimony of the witness was direct and positive as to the fact of the sale and the place thereof, but he made no positive statement as to the time, though, after several conflicting statements as to this matter, and as to when he appeared before the grand jury, he finally wound up his testimony on this point by saying that it was his best judgment that the sale was made to him in May, 1913, which put it within 12 months before the finding of the indictment. While this, of course, was sufficient to carry the case to the jury and to forbid the court from giving the affirmative charge for the defendant, yet, in the light of the confusing and conflicting statements of the witness as to the time, we are of opinion that the court should have given written charge C, requested by defendant, which, in effect, asserted that; if the testimony and conduct of the witness on the stand were such as to convince the jury that his memory was so defective as to be thoroughly unreliable, and they believed that it was so unreliable, they would be authorized to disregard his testimony entirely, and to acquit the

defendant.—*Hale v. State,* 122 Ala. 85, 26 South. 236; *Seawright v. State,* 160 Ala. 33, 49 South. 325.

The court should also have given either one or the other of the two written charges A and E, each being the equivalent of the other, one asserting that if the jury believed that the witness Raines had willfully, and the other asserting that, if the jury believed that said witness had knowingly and intentionally, sworn falsely as to any material fact in the case, they might disregard his entire testimony.—*Edmondson v. State,* 4 Ala. App. 196, 59 South. 229; *McClellan v. State,* 117 Ala. 140, 23 South. 653; *Phillips v. State,* 162 Ala. 15, 50 South. 194; *Seawright v. State,* 160 Ala. 33, 49 South. 325.

The court also erred in not permitting the defendant on the cross-examination of the state's said witness Raines to ask questions of the witness tending to show that one George Peters, in whose employment the witness admittedly was, was, to the knowledge of the witness, taking an active interest in the prosecution of the defendant on the charge here under consideration. The fact, if it be a fact, that said Peters, the employer of the witness, was, to the knowledge of the witness, taking an active interest in the prosecution, would be competent evidence to be considered by the jury in determining whether or not the witness was biased by reason of that fact in his testimony against defendant.—*Prince v. State,* 100 Ala. 148, 14 South. 409, 46 Am. St. Rep. 28; *Frank Harrison v. State, infra,* 68 South. 531; *Lodge v. State,* 122 Ala. 98, 26 South. 210, 28 Ala. App. 188, 65 South. 702; *McSwean v. State,* 10 Ala. App. 162, 64 South. 543; *B. R., L. & P. Co. v. Norton,* 7 Ala. App. 571, 61 South. 459.

We find no other errors in the record. For those pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.