SMITH v. STATE. (4 Div. 481.)

(Court of Appeals of Alabama. May 29, 1917.)

1. MISCEGENATION ☞5—EVIDENCE.
In a prosecution for miscegenation, defendant's statements tending to show his feeling toward the woman with whom he was charged with having adulterous relations, and his actions relative to her, were admissible.
[Ed. Note.—For other cases, see Miscegenation, Cent. Dig. § 7.]

2. MISCEGENATION ☞5—EVIDENCE.
Evidence having been introduced tending to show the illicit relations between defendant and the woman within the time and place covered by the indictment, the court properly allowed evidence of prior or subsequent cohabitation between the parties, though committed in a different county or state, to show intent.
[Ed. Note.—For other cases, see Miscegenation, Cent. Dig. § 7.]

3. WITNESSES ☞317(2)—CREDIBILITY—FALSE TESTIMONY—"WILLFULLY FALSE."
A charge which failed to predicate the right to disregard entirely a witness' testimony on the fact that she testified willfully falsely as to any material fact was improper; the statement that if the jury believed from all the evidence that she swore falsely or willfully not being equivalent to willfully false.
[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1081.]

4. WITNESSES ☞317(3)—DISREGARDING TESTIMONY—FALSE SWEARING.
A witness' false swearing, to give the jury the right to disregard entirely her testimony, must be as to some material matter.
[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1082.]

5. CRIMINAL LAW ☞829(1)—TRIAL—INSTRUCTIONS—REPETITION—STATUTE.
Under Acts 1915, p. 815, providing that the refusal of a charge, though a correct statement of the law, shall not be cause for reversal, if the same rule was substantially and fairly given the jury in the court's general charge or in given requested charges, a charge covered by another given charge and by the oral charge was properly refused.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

George Smith was convicted of miscegenation, and he appeals. Reversed and remanded.

Lee & Tompkins, of Dothan, and Jones, Thomas & Field, of Montgomery, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BRICKEN, J. [1, 2] The defendant was indicted under section 7421 of the Code for the offense of miscegenation, and from a judgment of conviction appeals. Exceptions were reserved as to the rulings of the court on the evidence, and also to the refusal of several written charges requested by the defendant. The testimony of the state tended to show that the defendant (a white man) was a frequent and constant visitor at the home of the negro girl; and it also disclosed his conversations, during the time which the in-

dictment covered, relative to his feeling toward the negress, and stating his intention to take her away from her home and to the city of Dothan and keep her there, where she would not have to work, etc. It also tended to show that the defendant lived with the negro girl in the state of Georgia prior to the indictment. The evidence relative to his conversations about the negro woman above referred to, and that he lived with her in the state of Georgia, was allowed over the objection of the defendant; and the action of the court in allowing said testimony is here assigned as error. Statements made by the defendant tending to show his feeling toward the woman with whom he was charged with having adulterous relations and his actions relative to her were admissible, as the court properly held. Fortner v. State, 12 Ala. App. 179, 67 South. 720; Brown v. State, 108 Ala. 18, 18 South. 811. Evidence having been introduced tending to show the illicit relation between the defendant and the negro woman within the time and place covered by the indictment, the court did not err in its ruling in allowing evidence of prior or subsequent cohabitation between the parties, even though committed in a different county or state; as this testimony was admissible for the purpose of showing the intent with which the acts of illicit relation performed in Henry county were done. Hill v. State, 137 Ala. 66, 34 South. 406; Brown v. State, supra. In the instant case, the court, in its oral charge to the jury, properly limited the scope of this evidence.

Other rulings of the court on the evidence in this case have been carefully examined, and they appear to be free from error. The propositions involved were of minor or no importance to the issues in this case, and it appears that the rulings of the court in this connection clearly did not injuriously affect the substantial rights of the defendant. Refused charge 1 was the general charge in favor of the defendant. Under the evidence in this case, the defendant was not entitled to the affirmative charge; hence this charge was properly refused.

[3, 4] Refused charge 2 was bad, and therefore properly refused. This charge failed to predicate the right to disregard entirely the witness' testimony on the fact that she testified willfully falsely as to any material fact. The statement that if the jury believed from all the evidence that she swore falsely or willfully is not equivalent to being willfully false. Besides this, the false swearing must be as to some material matter. Hamilton v. State, 147 Ala. 110, 41 South. 940; McClellan v. State, 117 Ala. 140, 23 South. 653; Seawright v. State, 160 Ala. 33, 49 South. 325. And, further the court, in its oral charge, fully covered the rule of law undertaken to be presented by charge 2.

[5] Refused charge 3 was fully covered by given charge 4, and also by the oral charge of the court; hence there was no error in the refusal of this charge.

Refused charges 4 and 6 were fully covered by the oral charge of the court.

Refused charge 5 was substantially covered by given charge 2, and also by the oral charge of the court.

The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal, if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. Acts 1915, p. 815.

The oral charge of the court in this case was a clear, full, succinct, and correct statement of the rules of law involved, and this charge, together with the written charges given by the court, are free from error, and therefore did not or could not injuriously affect the substantial rights of the defendant.

We find no error in the record, and the judgment of the circuit court must be affirmed.

Affirmed.

### On Application for Rehearing.

Upon a reconsideration of this case on the defendant's application for rehearing, we are of the opinion that written charge 4, refused to the defendant and referred to in the original opinion as having been substantially covered by the oral charge of the court, should have been given, and that its refusal by the trial court is error that will require a reversal of the judgment and the remandment of the case for another trial; as it appears from a further examination and consideration of the oral charge of the court that the same rule of law embodied in said charge was not, as was our first impression, substantially and fairly given to the jury in the court's general charge or in the charges given at the request of parties.

Reversed and remanded.