(89 South. 904)

## LEWIS v. STATE. (4 Div. 723.)

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied July 19, 1921.)

**1. Miscegenation ⊚⇒5—Evidence held properly admitted.**

In prosecution for felonious adultery or fornication, evidence tending to show that the accused was an unmarried white man; that A. was an unmarried negro woman, the mother of five children, and living on accused's place near his house; that he was seen to care for one of the children, and had stated that it was his; that A. was black; and that her oldest child was light-colored was admissible, as tending to show illicit relations between the parties.

**2. Criminal law ⊚⇒369(10)—Evidence of illegal act prior to time mentioned in indictment held competent.**

In prosecution for felonious adultery or fornication, where evidence was introduced tending to show illicit relations between parties in the period covered by the indictment, it was competent to show other facts and circumstances, prior thereto, tending to show illicit relationship between the parties, being permissible to throw light on their acts during the time covered by indictment.

**3. Miscegenation ⊚⇒5—Testimony of parties who saw act of illicit intercourse not necessary in prosecution for felonious adultery or fornication.**

In a prosecution for felonious adultery or fornication, it is not necessary for the state to offer witnesses who saw the parties engage in sexual intercourse, but the evidence as to the facts and circumstances, the acts and conduct of the parties, must be such that the jury can say they are satisfied beyond a reasonable doubt that there was an act of illicit intercourse and an agreement between the parties, express or implied, that they would continue the relation when the occasion offered or they so desired.

**4. Miscegenation ⊚⇒6—Evidence held sufficient to go to the jury, and to justify the refusal of an affirmative charge.**

In a prosecution for felonious adultery or fornication, evidence held sufficient to go to the jury, and to justify a refusal of an affirmative charge.

**5. Witnesses ⊚⇒236(4)—Exclusion of unintelligible question held not erroneous.**

In a prosecution for felonious adultery and fornication, exclusion of question as to whether a witness saw "any white there" at the house of the accused's alleged paramour besides the accused was not error; the question being unintelligible.

**6. Miscegenation ⊚⇒5—Exclusion of evidence held not erroneous.**

In a prosecution for felonious adultery or fornication, exclusion of testimony as to whether witness saw white men other than the accused holding children at the house of the alleged paramour of accused was not error, as it does not refer to the child of which defendant was accused of being the father.

**7. Criminal law ⊚⇒814(3), 829(1)—Refusal of charge held proper.**

The refusal of a charge in which the finding of the jury was not directed to be predicated on the evidence in the case, and which was substantially covered by an oral charge of the court, was proper.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Hint Lewis was convicted of felonious fornication, and he appealed. Affirmed.

Charge 1, refused to the defendant, is as follows:

If the jury is not satisfied that the defendant had illicit intercourse with Bess Adams, with the agreement that they would continue such intercourse, then they must acquit the defendant.

Lee & Tompkins, of Dothan, for appellant.

The charges requested should have been given. 104 Ala. 56, 16 South. 7; 10 Ala. App. 11, 64 South. 516; 168 Ala. 127, 53 South. 283; 156 Ala. 175, 47 South. 100. The court was in error in its rulings on the evidence. 52 Ala. 24; 20 Ala. 55. The defendant was entitled to the affirmative charge. 108 Ala. 18, 18 South. 811; 48 Ala. 269; 53 Ala. 463.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. [1] The appellant, Hint Lewis, was tried under an indictment which charges that he lived in a state of felonious adultery or fornication with Bess Adams, was convicted and sentenced to the penitentiary for a term of not less than two nor more than three years. The evidence tended to show that the appellant was an unmarried white man, and Bess Adams an unmarried negro woman, she living on appellent's place and was the mother of five children; that the appellant visited her home once or twice a week; that he was seen to care for and put one of the children to bed, and that appellant stated the child was his; that Bess Adams lived about 400 or 500 yards from appellant's home; that she was black and her oldest child light-colored or white. These facts and circumstances were all properly submitted to the jury; they being such facts and circumstances as would tend to show illicit relations between the parties. Hill v. State, 137 Ala. 71, 34 South. 406; Wright v. State, 108 Ala. 60, 18 South. 941.

[2] Evidence having been introduced which tended to show illicit relations between the parties within the time covered by the indictment, it was competent to show other facts and circumstances, anterior thereto,

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which tended to show illicit relationship between the parties, these being permissible for the purpose of throwing light on their acts during the time covered by the indictment. Smith v. State, 16 Ala. App. 79, 75 South. 627.

[3, 4] As has been stated many times before, it is not necessary, in order to make out a charge for living in adultery or fornication, for the state to offer witnesses who saw the parties actually engage in sexual intercourse, but to justify a conviction on such a charge the evidence as to the facts and circumstances, the acts and conduct of the parties, must be such that the jury can say they are satisfied beyond a reasonable doubt that there was an act of illicit intercourse and an agreement between the parties, either express or implied, that they would continue the relation when the occasion offered or they so desired. There was sufficient evidence to submit this case to the jury, and the refusal of the affirmative charge was properly refused. Cole v. State, 17 Ala. App. 488, 86 South. 124.

[5, 6] There was no error in sustaining the state's objection to the question, "Did you see any white men there at Bess Adams' house, during the time you have testified about, other than Hint Lewis?" The question is not intelligible. Neither was there error in sustaining the state's objection to the question, "Did you ever see other white men have the children in their arms at Bess Adams' house?" This question does not appear to be in reference to the child that appellant is charged with being the father of, or the children of Bess Adams.

[7] The other written charge, an unnumbered one, was properly refused. It is substantially covered by the court's oral charge, and the finding of the jury is not directed to be predicated on the evidence in the case.

We find no error in the record and the judgment is affirmed.

Affirmed.