141 So. 525

## BOZMAN v. CLEERE.
### 8 Div. 502.

Court of Appeals of Alabama.
April 5, 1932.

Rehearing Denied April 19, 1932.

Wm. L. Chenault, of Russellville, for appellant.

William Stell, of Russellville, for appellee.

SAMFORD, J.

The plaintiff sued out an attachment in the justice court of J. B. Hurley against the estate of Jess Bozman which was levied on certain personal property including one cow and yearling. The claimant, Polly Bozman, filed claim to the property. The justice of the peace rendered judgment for plaintiff, and claimant appealed to the circuit court, where judgment was rendered against her and in favor of plaintiff for the cow and yearling and in her favor for the other property. From that judgment she appeals.

Polly Bozman is the wife of Jess Bozman, and they are living together as man and wife. Under our statute, Code 1923, § 8261, all the property of the wife held by her previous to the marriage or to which she may become entitled after the marriage, in any manner, is the separate property of the wife and is not subject to the husband's debts. The debt sued on is the debt of Jess Bozman, for which Polly is in no way liable, nor can her cow and yearling be taken to pay it or to satisfy a judgment against Jess.

The question then is, Whose cow and yearling is it? There is some evidence that Jess dealt with it as his own and claimed to be the owner, but there is no evidence tending to show that Polly ever acquiesced in this claim; on the contrary, whenever such claim came to her knowledge Polly protested it.

The undisputed evidence is that the father and mother of Polly gave her a black cow, that the cow here involved is the black cow's first calf, which Polly raised, and this cow's first calf was traded by Jess at Polly's instance for the yearling here involved. Jess at one time sold the cow to plaintiff, without the consent of Polly, and Polly demanded

that he get it back, by buying the cow from plaintiff and paying for her, and when bought it was delivered to Polly. Stripped of all the evidence tending to prove the dealings of Jess and the admission made by him regarding the cow and yearling, and none of which was binding on Polly, even if they were admissible as contradictions to the testimony of Jess, it appears that the cow and yearling were the property of Polly, the claimant, and not subject to the debts contracted by Jess.

The claimant was entitled to a judgment for the cow and yearling, and, as the evidence will probably not be different on another trial, the judgment is reversed, and a judgment is here rendered in favor of the claimant.

Reversed and rendered.