152 So. 264

## WILLIAMS v. STATE.
4 Div. 43.

Court of Appeals of Alabama.
Jan. 16, 1934.

54

E. O. Baldwin, of Andalusia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This is the second appeal in this case. Williams v. State, 25 Ala. App; 342, 146 So. 422, 423.

The evidence shows but slight material difference from that on the former trial.

The indictment, in three counts, charged felonious adultery or fornication, in that this appellant, a negro or descendant of a negro, and Bessie Batson, a white woman, did live in adultery or fornication with each other, etc. A severance was granted, and this appellant was tried alone.

As in all criminal cases, the burden is upon the state to prove every material allegation in the indictment, and to this end the state is required to offer evidence sufficient to satisfy the jury of the guilt of the accused beyond a reasonable doubt and to a moral certainty, after a consideration by them of all the evidence adduced upon the trial. The further rule is, if the jury entertain a reasonable doubt of the defendant's guilt, arising from any part of the evidence, after a consideration of the whole evidence, the defendant would be entitled to the benefit of such doubt and to an acquittal.

On the former appeal, reversal was had principally upon the prejudicial argument of the solicitor. On this appeal, while no question is presented on the argument to the jury, yet it is strenuously insisted that the conduct of the solicitor in examining witnesses and otherwise was so highly prejudicial that the substantial rights of the defendant were impaired, necessitating a reversal of the judgment of conviction from which this appeal was taken; and this insistence is also predicated upon numerous rulings of the court upon the admission of evidence during the trial, to which exceptions were duly reserved.

A material inquiry upon this trial was as to the allegation in the indictment that this appellant "is a negro, or the descendant of a negro." It was admitted that the defendant's mother is a white woman. But the state attempted to prove that she (the mother) had illicit relations with a negro man, called by the witnesses "Old Black Joe Adkins." It was shown that there was an old negro man living in the same community near defendant's grandfather, and that "he lived about a mile and a half or two miles away." Also that he was formerly a slave and had belonged to defendant's mother's people. No evidence was adduced to show that the mother of defendant had ever had illicit relations with Adkins, and the evidence in this connection was insufficient to even create a suspicion that such relations had ever existed. The state introduced one Jerry M. Woodall as a witness and propounded several questions to him in an attempt to show that he had seen Adkins and defendant's mother together. Among other grounds of objection, the defendant objected upon the grounds that the time of such alleged association was not inquired about, but the court overruled the objections and also overruled defendant's motion to exclude the answers of the witness. In this there was error. It was incumbent

upon the state to show that the alleged association between these parties occurred within the time to make the testimony material to the issue under inquiry. Here this is especially true, as there was other evidence adduced which tended to show that at the time this witness Woodall was at work in that community it was several years before any time material to the issue involved. This ·evidence appears to be without dispute.

■ State witness W. Jack Stanley, by the court's permission, was recalled for further cross-examination by defendant, at which time he testified that "he had been told that Joe Adkins belonged to the Adkins family, appellant's grandmother's family, in slavery time, and that he was just an old slave darkey." Whereupon the solicitor for the state (as complained of by counsel for appellant) "abruptly, while the witness was being cross-examined, asked the following question, 'You have always understood that he (Joe Adkins) is the daddy of these colored children, haven't you?' The court sustained appellant's objection to this question, but nothing was said to the jury or to the Solicitor by the court, but the court overruled and denied appellant's motion to withdraw the case from the jury, and to enter a mistrial." This case should not have been burdened with a question of this kind. That it related to this appellant cannot be doubted, otherwise, for that reason also, it should not have been asked; and that it was highly prejudicial cannot be questioned. There is no rule of evidence which would have authorized a question of this character. The cursory manner of the court in merely sustaining the objection was wholly insufficient to eradicate this erroneous and highly prejudicial matter from the minds of the jury. The following authorities are directly in point and are conclusive on the point of decision: Patterson v. State, 21 Ala. App. 22, 104 So. 866; Bozeman v. State (Ala. App.) 145 So. 165;[1] Simon v. State, 181 Ala. 90, 61 So. 801; Pryor v. Limestone County, 225 Ala. 540, 144 So. 18. In this latter case the Supreme Court's criticism is applicable to the ·case at bar. The court said: "Notwithstanding the trial court sustained appellants' objection to same, and instructed the jury not to consider said argument, it is of that character which is so poisonous and improper as to be almost immune from eradication."

■ Under the charge contained in the indictment, it was permissible for the state to undertake to prove that this appellant is a married man; but as to who he married and other inquiries upon cross-examination of defendant when testifying in his own behalf were wholly immaterial, and the court in its rulings erred in permitting the solicitor to conduct the cross-examination of defendant in the prejudicial manner as shown by the record.

There are numerous other questions and rulings of the court which convinces us that this appellant was not accorded the fair and impartial trial to which, under the law, he was entitled. As stated by this court in this case on former appeal: "The law guarantees to every defendant, white or negro, a fair and an impartial trial, free from undue appeals to passion or prejudice, and when it appears that a defendant may not have had such trial * * * upon proper presentation of the questions this court will remand the cause for another trial." Williams v. State, supra, and cases cited.

Reversed and remanded.

