176 So. 473

**MURPHY et al. v. STATE.**

**8 Div. 448.**

Court of Appeals of Alabama.

May 11, 1937.

Rehearing Denied June 29, 1937.

Murphy & Pounders, of Florence, for appellants.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

In the opinion in the case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740, we find this language: "We * * * lay down as rules for the guidance of this court, that the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict. Of course, these rules are not inflexible; but subject to exceptions and qualifications, dependent upon peculiar circumstances."

The above two rules—with only the first of which we are here concerned—were laid down by our Supreme Court in the last decade of the Nineteenth Century. In uncounted (by us) instances they have been discussed by that court since the date of their first enunciation, but nowhere do we find that they have been changed in their basic substance. They are the law today. See Shepard's Alabama Citations, 92 Ala. 630, 9 So. 738.

Out of these numerous discussions we may, confining ourselves, here, to the first of said rules, now deduce, safely, and state, the following corollary: "The decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will be reversed, if, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

We find the corollary stated in the next preceding paragraph to have application here.

The court has read the entire evidence, sitting en banc. It affords an unexampled illustration of the degree of moral filth that exists in a few isolated localities in our state. It points the way to renewed and redoubled efforts on the part of those agencies of our government having in view the social welfare of our people. It presents a picture that is nauseating to all that is finer in our natures.

But to say that it warrants the verdict returned in this case, we cannot. Appellants were charged with a specific offense—that "Alice Murphy, a white person, and Coleman Cole, a negro, did live in adultery or fornication with each other."

We refrain from a detailed narration of the sordid testimony offered on the trial. Its contradictions, inconsistencies, improbabilities, and factitious nature, everywhere apparent, stamps it as unworthy of belief. But, if it be said that that phase of the matter was in the jury's province, we are of the opinion it was not legally sufficient to afford a basis for the verdict.

We are at once, and definitely of the opinion that "after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

548

Therefore the "decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence," is reversed; the judgments appealed from are reversed; and the cause remanded.

Reversed and remanded.

On Rehearing.

PER CURIAM.

■ The Attorney General urges, vigorously, that we "set out the testimony with which the opinion is concerned, in order that we (he) might be clear as to the true holding of the opinion."

We had thought that we had made the "true holding of the opinion" clear. But we would perhaps, despite the authority in us (Loveman, Joseph & Loeb v. Himrod, 226 Ala. 342, 147 So. 163), give some heed to the request were it not that the "crucial testimony"—to call it that—is in our opinion too vile and disgusting to be repeated any place. It should clear the Attorney General's mind as to the "true holding of the opinion" to read again the testimony of the two chief state's witnesses to the effect that, upon the occasion vitally relied upon by the state to make out its case, appellant Coleman Cole stated: "He just couldn't do it there or that he wouldn't if he could, or something like that."

■ The sine qua non of the conviction of appellants was thus positively shown by the state's evidence not to have taken place. See Lewis v. State, 18 Ala.App. 263, 89 So. 904; Fields v. State, 24 Ala.App. 193, 132 So. 605; Williams v. State, 26 Ala.App. 53, 152 So. 264 (headnote 1).

The application for rehearing is overruled.

Application overruled.