[Irvin v. State.]

# Irvin v. The State.

*Indictment for Rape.*

*General exception to charge of court.* — A general exception to an entire written charge, given by the court *ex mero motu*, is not sufficiently specific to authorize the appellate court to inquire into the correctness of its several parts and paragraphs : the objectionable parts must be specifically pointed out in the exception.

FROM the Criminal Court of Dallas.
Tried before the Hon. GEO. H. CRAIG.

SATTERFIELD & YOUNG, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The defendant was indicted for rape, was convicted, and sentenced to imprisonment for life in the penitentiary. The indictment is in the form prescribed by the Code, the proceedings are regular, and the trial was had, as the record shows, in strict conformity to law. A bill of exceptions was reserved, which recites all the evidence offered on the trial. No exception was taken to the rulings of the court in the admission or rejection of evidence. A lengthy written charge was given by the court, *ex mero motu*, which is set out in the bill of exceptions, and to which an exception was reserved by the defendant in these words : " The defendant excepted to the charge so given by the court to the jury." Error is now predicated of three several sentences of this charge.

The exception reserved is general. It is to the entire charge —as well that which may be favorable, as that which might be deemed prejudicial to the accused ; as well that part which is unquestionably correct, as that which might be found incorrect. It is not doubted by the counsel for the accused that the charge is, in the main, correct in its statement of the legal propositions applicable to the evidence. If there be any error in it, it is only discoverable on a critical examination and comparison of its several parts. The exception does not present any matter for revision, unless we could declare the charge in its entirety erroneous. A party excepting must make his exception so specific, that the matter relied on as error will be apparent to his adversary, and to the primary court. For, his adversary, having his attention directed to the special matter relied on as erroneous, has the right and privilege of waiving such matter, rather than, by insisting on it, incur the hazard and delay of an appeal to a superior tribunal. The court, having its attention specially directed to the erroneous matter, might

[Rowland *v.* Plummer ]

be satisfied of the error, into which it may have fallen through inadvertence, and could voluntarily correct it by a reversal of its rulings, and thus protect the party excepting from all injury. 4 Phil. Ev. C. & H. Notes, 778. If a general exception, of the kind here reserved, could prevail, the adverse party would be denied the right and privilege of waiving the specific matter relied on as objectionable, and the court would be deprived of the power of correcting the error. Such an exception requires the appellate court to examine and compare the entire charge, much of which may have no relevancy to, or connection with, the specific matter relied on, distinguishing the legal and unobjectionable from that which is illegal and objectionable. Such general exceptions may be resorted to, to entrap and mislead the opposing party and the court, by withholding from them all knowledge of the particular matter relied on, which, if disclosed could be at once corrected. They lead to an unfair practice, not promotive of a just administration of the law, and are discouraged by all courts. As the charge is not erroneous as a whole, we cannot, on this exception, inquire into the correctness, and revise its several parts and paragraphs. The exception is not framed and reserved as to authorize us to enter on that inquiry. If there is error, prejudicial to the defendant, it is his fault that it is not so presented as to be capable of review. We cannot depart from well settled rules of law, even in a case of this magnitude, to relieve him from the consequences of his own negligence, without making a precedent which the wary and artful might pervert to the prejudice of a fair administration of the law.                         The judgment is affirmed.