# Richardson v. The State.

## Indictment for Rape.

1. *Erroneous charge; when not ground for reversal.*—Erroneous instructions to the jury will not work a reversal unless excepted to.

2. *Charge to jury; qualification of, when not erroneous.*—It is not error to add a qualification, asserting a correct legal proposition, to a charge requested orally.

3. *Indictment for rape; what defendant may be convicted of, under.*—Under an indictment for rape, a conviction may be had of assault with intent to commit rape, or assault and battery ; and a charge requiring the jury to acquit unless they believe the defendant did the *deed* "*as charged,*" is properly refused.

4. *Charge; when properly refused.*—A charge based partly on a state of facts of which there does not appear to have been any evidence, is abstract, and for that reason may be refused.

[Richardson v. The State.].

APPEAL from Circuit Court of Greene.

Tried before Hon. LUTHER R. SMITH.

The appellant was indicted for rape upon one Viney Hicks. She was examined as a witness, and testified to the circumstances of the assault upon her, and that the defendant threw her down, and accomplished his purpose. She made but little outcry then, but told some persons afterwards. The testimony showed that she came to a field where defendant was at work, to collect a small debt he owed her, and a witness for the defense testified that he was at work near by when the prosecutrix came up; that defendant was engaged in riving boards, without having on any shirt, and "she came up behind him and cut him on the naked skin," whereupon defendant "slammed her on the ground," and she got up and went home, muttering something he could not hear.

This was the substance of all the testimony, except as to venue.

The court, of its own motion, charged the jury, "if they believed from the evidence that the defendant, in the county of Greene, before the finding of the indictment, ravished by force the woman, and that he penetrated her person, then they must find the defendant guilty, and sentence him to death by hanging, or confinement in the penitentiary for life; and if they believed from the evidence in the case that the defendant assaulted the woman, with the intent to ravish her, they must find him guilty of assault with intent to commit rape, and leave the punishment to the court; that if they believed that the defendant did not commit a rape, or an assault with intent to commit a rape, but that he forcibly assaulted, and threw her down, they might find him guilty of assault and battery."

No exception was reserved to this charge.

The defendant then requested the court orally to charge the jury that "if they believe from the evidence that Viney Hicks first struck the defendant with a switch, on the naked skin, that they might consider this in determining the guilt of the defendant of the offense of assault and battery," which charge the court gave, but added, that "if they believed the assault made by the prisoner was disproportionate to that received by him, they might still find him guilty of assault and battery." To this modification, the defendant duly excepted, and then requested, in writing, the following charges to the jury: 1st. "That if from all the circumstances, they did not believe the defendant did the deed as charged, they must acquit." 2d. "That if the jury find that the subject of the rape is a woman of bad fame, and that she stands unsupported by other evidence; that she concealed

[Richardson v. The State.]

the injury for a considerable length of time after she could have complained; that the act was done at a time when her cries could have been heard, and she made none, then these circumstances will proportionally diminish the credit to be given to her testimony by them." These charges the court refused to give, and an exception was reserved to its ruling.

SNEDECOR, COCKRELL & HEAD, for appellant.—A defendant cannot be convicted of the crime of assault with intent to commit a rape, unless he actually attempt to cohabit with the female by force and against her consent. The charge given by the court ignored force and non-consent, which are essential ingredients of the crime.—30 Ala. 54.

JOHN W. A. SANFORD, Attorney General, contra.—Oral charges may be modified or qualified so as to prevent misleading the jury.—Morris v. State, 25 Ala. 58.

Both charges asked by the defendant were abstract, there being no evidence of the character of the witness introduced. Gilliam v. The State, 50 Ala. .

The charges asked must assert absolutely correct legal propositions, applicable to the evidence, and if defective in any particular, their refusal is no ground for reversal.—Cohen v. The State, 50 Ala. 108; Irvin v. The State, 50 Ala. 181.

STONE, J.—We find nothing in this record to require a reversal of the sentence of conviction. In the general charge, there is at least one error of expression, but no exception is taken to any part, or even to the whole of that charge. We have repeatedly held that we will not reverse for erroneous instructions to the jury unless there be exception reserved to such instructions. The reason is obvious. If exception be taken, the error, if any, may be cured by a correction of the erroneous ruling; or, adverse counsel may prefer to withdraw such ruling, rather than incur the hazard of a reversal. Johnson v. State, 29 Ala. 62; Jones v. Jones, 42 Ala. 218; Irvin v. State, 50 Ala. 181; Murphy v. State, 54 Ala.

This disposes of all the points raised on the general charge.

The qualification of the charge requested orally by defendant, and given by the court, asserts a correct legal proposition, and is no ground of error.—Mooney v. State, 33 Ala. 419; Morris v. State, 25 Ala. 57.

Two charges were asked by the defendant in writing—refused by the court, and exceptions reserved. The first of the two is free from fault, except in the last clause. The

only *deed* charged in the indictment is rape. Yet, under the indictment, the defendant could be convicted of either rape, assault with intent to commit rape, or assault and battery. The charge assumes that if the jury are not convinced "beyond a reasonable doubt that the defendant did the deed *as charged*, they must *acquit*." This charge, if given, would have precluded the jury from convicting the defendant of either of the lesser offenses.—*Martin v. Hill*, 42 Ala. 275.

The second charge asked contains, as an element of its hypothesis, "that the subject of the rape is a woman of bad fame." The bill of exceptions affirms that it contains "all the testimony in the case." It contains no evidence of the woman's character or fame. This constituted the charge abstract, to the extent pointed out, and justifies its refusal. 1 Brick. Dig. 338, § 41.

The judgment of the circuit court is affirmed, and the sentence of the law must be executed.