# Murphy v. The State.

## Indictment for Larceny.

1. *General exception; when not available.*—A general exception to the entire charge of the court, containing distinct propositions, can not be sustained, if the charge is correct in part and erroneous in part.

2. *Same; what objection can not be raised by.*—If there is evidence tending to support the charge given, the objection that the defendant's theory is omitted, or not set forth with sufficient prominence, can not be raised by exception to such a charge.

3. *Oath to jury; what insufficient.*—Where the record sets out the oath that was administered to the jury, and a material part of the oath required by statute is omitted, the judgment will be reversed.

[Murphy v. The State.]

APPEAL from Circuit Court of Greene.

Tried before Hon. LUTHER R. SMITH.

The appellant was convicted of grand larceny. The "jury were duly empanneled, sworn and charged the issue joined to try." The evidence showed that she was living with one Madison Murphy, knowing that he had a lawful wife, and while they were thus living together, she assisted Madison in bringing home a hog belonging to the prosecutor, which he (Murphy) had shot, but there was also some evidence showing that she was connected with the entire offense, and not merely with the removal of the hog after it was killed. This being the substance of the evidence, the court charged the jury that if they believed from the evidence that the defendant feloniously took and carried away one hog, the property of the person mentioned in the indictment, and that it occurred in Greene county, before the finding of the indictment, they must find the defendant guilty; and if defendant lived with Madison Murphy as his wife, the law presumed that what she did in his presence was done by his consent, and she would not be responsible for it; but if at the time she knew, or had good reason to believe, that Madison Murphy had a wife living in Hale county, she could not be the wife of said Murphy, no matter what claim she may have made. To this charge the defendant duly excepted.

SNEDECOR & COCKRELL, for appellant.

JOHN W. A. SANFORD, Attorney General, *contra.*

BRICKELL, C. J.—The exception reserved is general, to the entire charge of the court. There are parts of the charge the correctness of which is not questioned, and yet the exception is as applicable to these as to other parts, the correctness of which is disputed. In *Irwin v. State*, 50 Ala. 181, and in other cases, we said: "A party excepting must make exception so specific that the matter relied on as error will be apparent to his adversary, and to the primary court; for his adversary, having his attention directed to the special matter relied on as erroneous, has the right and privilege of waiving such matter, rather than, by insisting on it, incur the hazard and delay of an appeal to a superior tribunal. The court, having its attention specially directed to the erroneous matter, might be satisfied of the error into which it may have fallen through inadvertence, and could voluntarily correct it by a reversal of its rulings, and thus protect the party excepting from injury." The exception

presents no matter for revision except the correctness of the charge as a whole. If it is correct in part, and erroneous in part, the exception can not prevail—it can not be sustained in part, and overruled in part.

Apart from this consideration, the charge, as a whole, is correct, and is not abstract. There was evidence proper to be submitted to the jury, having a tendency to show the hog was killed with the intent to steal it, and that the accused was connected with the entire offense, and not merely with the removal of the carcass after the killing. In this aspect of the case, the charge is certainly free from error. It was supposed the weight of the evidence was against this hypothesis, connecting the accused with the removal of the carcass only, and that such removal did not constitute the offense punishable as grand larceny by the statute. A charge adapted to that phase of the case, and presenting that question, should have been requested. The question is not presented by the charge to which an exception was taken.

The record purports to set out the oath administered to the jury, and an essential part of the oath prescribed by the statute, to-wit: "A true verdict to render according to the evidence," seems to have been omitted. This compels a reversal of the judgment of conviction.

The judgment is reversed, and the cause is remanded. The prisoner must remain in custody until discharged by due course of law.