# Hurst *v.* The State.

*Indictment for Murder.*

1. *Evidence; motive for particular acts of defendant admissible on his cross-examination.*—While it is not competent for the defendant, who is examined in his own behalf, to testify on direct examination as to his motives in the doing of certain acts, it is permissible, upon the cross-examination of the defendant, to inquire as to his motives for particular acts testified to by him, which were relevant to the issues involved in the case.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant, Lee Hurst, was jointly indicted with

Walter Jordan for the murder of Robert McWhorter. A severance was had, and Lee Hurst was convicted of murder in the first degree and sentenced to the penitentiary for life.

After proving the *corpus delicti* and the venue of the offense, the evidence for the State tended to show that the defendant, Lee Hurst, became involved in a difficulty with one White on a street in the city of Mobile; that White's brother came to his assistance and the defendant then sent word to Walter Jordan to come and help him; that Jordan rushed out drawing his pistol as he came; that defendant then said "Wait until I come back and we will fix him," and then ran down the street to the house of one Jack Mason, who was his cousin; that Jordan waited for the defendant, and that as Hurst came running back Jordan turned and began firing back at the crowd where White and his brother were standing; that Hurst attended him and fired in the same direction; that McWhorter, a bystander, was shot through the head and killed; that it was uncertain as to whether Hurst or Jordan fired the fatal shot, but that McWhorter fell at the second shot that Jordan fired, and died instantly.

The evidence for the defendant tended to show that when he had the difficulty with White and his brother he did not send for Jordan; that when Jordan came upon the scene the defendant had already gone down the street and had no conversation whatever with Jordan; that the defendant Hurst did not at any time have a pistol and did not fire during the difficulty in which McWhorter was killed; that Jordan fired the fatal shot, and the defendant uttered no words of encouragement or words to incite Jordan to shoot; that the defendant Hurst did run to the house of Jack Mason and come back to the scene of the shooting and was near Jordan while the shooting was going on.

Upon the cross-examination of the defendant as a witness he was asked by the solicitor the following question: "What did you run around to Jack's house for? What was your object in running around there?" The defendant objected to the questions on the ground that

7 c

it called for the uncommunicated motive or intention of the witness. The court overruled the objection, and the defendant duly excepted. Upon the defendant answering that he went to the house of Jack Mason to get a pistol, he was then asked by the solicitor: "What did you want with a pistol?" The defendant objected to this question on the ground that it called for the uncommunicated motive or intention of the witness. The court overruled the objection, and the defendant duly excepted. The defendant answered that he went to prepare himself to fight White and his brother. This ruling on the evidence constitutes the only question reviewed on the present appeal.

PALMER PILLANS, for appellant.—Proof of intention must be confined to proof of statements thereof made so as to be part of the res gestae, and proof of facts from which the jury may infer the intent.—*Ellis v. State*, 105 Ala. 72; *Stewart v. State*, 78 Ala. 439; *Burk v. State*, 71 Ala. 382; *Whizenant v. State*, 71 Ala. 384; *Dent v. State*, 105 Ala. 17; *State v. Tally*, 102 Ala. 35; *Johnson v. State*, 102 Ala. 16; *Lewis v. State*, 96 Ala. 6; *Fonville v. State*, 91 Ala. 39.

CHAS. G. BROWN, Attorney-General, for the State, cited *Linnehan v. State*, 120 Ala. 298; *Yarbrough v. State*, 115 Ala. 97.

TYSON, J.—The questions propounded to defendant on cross-examination, notwithstanding they called for his secret, unexpressed motives or purposes, were not illegal and his responses to them were competent and relevant. Whilst it is true, as a general rule, secret intentions or unexpressed motives of a witness cannot be called for, the rule applies more particularly where a party seeks, in his own behalf, to prove by his own or his witness' testimony, the secret, unexpressed motives or purposes of the person testifying. On cross-examination, where great latitude is allowed, the questions asked in this case were properly allowed. This principle was pointedly declared in *Linnehan v. State*, 120 Ala. 293,

*Yarbrough v. State,* 115 Ala. 92. See also *Thomason v. Dill,* 30 Ala. 444.

The case of *Ellis v. State,* 105 Ala. 72, relied upon by appellant, is not in conflict with these views. The point here under consideration was not involved, nor decided. While it was attempted to be raised in that case, the objection to the question was held to be insufficient for that purpose.

Affirmed.

