# Hays *v.* The State.

## *Murder.*

(Decided April 23, 1908.   46 South. 471.)

1. *Witnesses; Cross Examination of Accused.*—It was proper to permit accused to be asked on cross examination "what did you take that pistol there for?" where it appeared from the other evidence that deceased came to the door of the house and called his brother outside, and that the accused then got his coat, took a pistol out of the pocket, and put it under the waistband of his pants, and also went out of the house and shortly afterwards two pistol shots were heard.

2. *Criminal Law; Appeal; Harmless Error.*—A charge asserting that to authorize an acquittal on a charge of murder, on the grounds of self defense, accused must have been reasonably without fault in bringing on the difficulty, must not have been disregardful of the consequence in that respect of any wrongful word or act, that there must have existed at the time either really or so apparently as to lead a reasonable mind to the belief that there actually existed a present, imperious, impending necessity to inflict the injury in order to save himself from great bodily harm, and that there must have been no other reasonable mode of escape by retreat or by avoiding the combat with safety, states the law more favorably to the defendant than is justified by the rule and is harmless error.

3. *Criminal Law; Instructions; Reasonable Doubt.*—The doubt to justify or authorize an acquittal must be real and substantial as distinguished from a mere doubt.

4. *Trial; Instruction; Facts Not in Issue.*—It is proper to refuse charges on facts not within the issue.

5. *Same; Misleading Instructions.*—Charges which are misleading are properly refused.

6. *Same; Instructions Invading Province of Jury*—A charge asserting that the fact, if it was a fact, that accused had a pistol, would not alone authorize the jury to find that he was at fault in bringing on the difficulty, is invasive of the province of the jury and properly refused.

7. *Same; Giving Undue Prominence to Certain Facts.*—Charges emphasizing one feature of the evidence or giving undue prominence to certain facts are properly refused.

8. *Homicide; Self Defense; Instruction.*—Where the tendencies of the evidence were that accused armed himself with a pistol and went outside of the house to where deceased was, a charge asserting that if accused was walking from the gate towards the house, and said and did nothing to provoke deceased then and there to attack him, then accused was free from fault in bringing on the difficulty,

[Hays v. The State.]

was misleading since accused may have previously said or done something to bring it on and may have armed himself and gone outside for the purpose of participating in it.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Tom Hays was charged with murder in the second degree, and appeals from a conviction of manslaughter in the first degree. Affirmed.

Defendant was charged and tried for murder in the second degree for killing Caesar Bradford by shooting him with a pistol, convicted, and sentenced to the penitentiary for six years. The tendencies of the evidence were that there was a dance at the house of Jim Frazer, and that sometime during the night Caesar Bradford came to the door where they were dancing and called his brother, Dud Bradford, out of the house; that after Dud went out the defendant got his coat, and took a pistol out of the pocket, and put the pistol under the waistband of his pants, and also went out of the house, and in a few minutes two pistol shots were heard, followed by a gunshot; that Tom Hays fired the shot with the pistol, and that Dud Bradford fired the shotgun after the pistol had been fired; that Caesar fell, and that Tom ran off, and that Caesar died from the effects of the wounds given. The evidence for defendant tended to show that the defendant went out of the house in response to a call to persuade some one else to return to the dance, and that while out there he was attacked by Caesar Bradford with a stick.

At the request of the state the court gave the following written charges: "(A) The court charges the jury that before the jury can acquit the defendant on the grounds of self-defense, three essential elements must concur: (1) The defendant must be reasonably without fault in bringing on the difficulty and must not be disregardful

of the consequences in this respect of any wrongful word or act; (2) there must have existed at the time, either really or so apparently as to lead a reasonable mind to the belief that there actually existed a present, imperious, impending necessity to shoot in order to save himself from great bodily harm; and (3) there must have been no other reasonable mode of escape by retreat or by avoiding the combat with safety. (B) Gentlemen of the jury, it is not a mere doubt which authorizes an ac· quittal, but the doubt must be real and substantial."

The following charges were refused to the defendant: "(1) There is no evidence before the jury that the defendant had disturbed Cæsar Bradford's wife that night." "(3) The fact, if it be a fact, that the defendant had a pistol, does not alone authorize the jury to find that he was at fault in bringing on the difficulty. (4 )If the defendant was walking from about the gate towards the house, and said nothing and did nothing to provoke the deceased then and there to attack him, then the defendant was free from fault in bringing on the difficulty."

No counsel marked for the appellant.

ALEXANDER M. GARBER, Attorney General, for the State. The solicitor's question to the defendant was not objectionable.—*Hearst v. The State,* 133 Ala. 96; *Eastman v. The State,* 139 Ala. 67. The charge given for the state was proper. *Jackson v. The State,* 77 Ala. 18; *Crawford v. The State,* 112 Ala. 1; *Talbert v. The State,* 121 Ala. 33. Charges 1, 2 and 3 refused to defendant were properly refused.—*Austin v. The State,* 145 Ala. 37. Charge 4 is bad.—*Skipper v. The State,* 144 Ala. 100; *Reese v. The State,* 145 Ala. 13.

SIMPSON, J.—The appellant was convicted of manslaughter in the first degree. There was no error in

[Hays v. The State.]

overruling the objection of the defendant to the question by the solicitor to the defendant, on cross-examination, "What did you take that pistol there for?"—*Hurst v. State,* 133 Ala. 96, 31 South. 933; *Eatman v. State,* 139 Ala. 68, 36 South. 16, and cases cited.

There was no error in giving the charges requested by the state, except that the first was too favorable to the defendant, in stating that he must be "reasonably" without fault in bringing on the difficulty, and of this the defendant could not complain.—*Jackson v. State,* 77 Ala. 18; *Crawford v. State,* 112 Ala. 1, 21 South. 214; *Talbert v. State,* 121 Ala. 33, 37, 25 South. 690.

Charges 1 and 2, requested by the defendant, were properly refused, for the reason that the facts therein referred to were not in issue in this case and the charges were misleading.

Charge 3, requested by the defendant, was properly refused, as being invasive of the province of the jury and emphasizing too much one feature of the evidence. —*Austin v. State,* 145 Ala. 38, 40 South. 989.

Charge 4, requested by the defendant, was misleading, and was properly refused. The defendant may have armed himself with a pistol, gone outside the house for the purpose of getting up the difficulty, and may, in fact, have previously said or done something to bring on the difficulty, and yet have been walking from the gate towards the house ,and "said nothing or did nothing" "then and there" to provoke the attack, in which case he would not be free from fault, and would be willingly entering into the difficulty.

The judgment of the court is affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.