# Smith *v*. The State.

## *Murder.*

(Decided April 24, 1913.  62 South. 301.)

1. *Trial; Refusal to Strike; Bill of Exceptions.*—Where exception is taken to the refusal of a motion to strike certain testimony, it must appear from the bill of exceptions either that the answer was not responsive, or that the question eliciting the answer was objected to.

2. *Appeal and Error; Review; Necessity of Exception.*—One cannot complain on appeal of portions of the court's oral charge to which the court's attention was not called by objection and exception.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Ed Smith was convicted of manslaughter, and appeals. Affirmed.

The entire charge of the court is set out, and the exception is as follows: "To that portion thereof which submitted to the jury the inquiry of whether or not Samantha Givens entered the difficulty and fight and aided and abetted her husband, Jake Givens, therein. To that portion which submitted to the jury the inquiry as to whether or not Samantha was in any way at fault in bringing on the difficulty. To that portion which submitted to the jury the inquiry as to whether or not Samantha Givens was at fault after Jake Givens abandoned the difficulty and made it known to deceased, if he did do so. To that portion which instructed the jury that if Jake Givens was at fault in bringing on the difficulty, and if Samantha Givens entered into it for the purpose of doing so, and aided, abetted, or encouraged Jake Givens therein, she thereby became herself involved in the same fault Jake was in, and that if defendant killed deceased to save her from great bodily harm at the hands of deceased, while said difficulty was in progress, then such fault on the part of Samantha would be attributable to defendant, and render his act in killing deceased not justifiable under the law of self-defense or defense of another. To that portion of the charge wherein the court instructed the jury that where a father, his wife, and the stepson, being the son of his wife, entered into a fight all on one side of it, and the common adversary is slain, each of them is liable for the acts of the other.

The following are the charges requested and refused to defendant:

(1) Affirmative charge.

"(2) There is no evidence in this case that defendant aided and abetted in the fight that resulted in the death of the deceased. The defendant and Jake Givens were jointly indicted for the killing of Monk Holman. The theory of the state was that Jake Givens and deceased entered into a difficulty about a debt, when the wife of Jake Givens, Samantha Givens, joined in the difficulty, and whereupon her son, Ed Smith, fired the shot that killed the deceased. The theory of the defense was that deceased was endeavoring to cut both Samantha Givens and her husband, and that Ed Smith fired the shot to prevent it."

GLENN & DE GRAFFENRIED, for appellant. There was error in permitting testimony as to the fight between Jake Givens and deceased to go to the jury as against this defendant.—*McAnally v. The State,* 74 Ala. 9; *Jordan v. The State,* 81 Ala. 20. The oral charge of the court invaded the province of the jury and was a charge on the effect of evidence.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—It is not shown by the bill of exceptions that the testimony which, after it had been given, the defendant moved to exclude, was not responsive to a question or questions to which the defendant had interposed no objection. A party cannot thus speculate on the answer that may be made to a question, and be entitled to have the answer excluded after it has been made.

The portions of the charge given by the court of its own motion, to which exceptions were reserved, were either not subject to any just criticism at all, or includ-

ed propositions which were unquestionable. Neither of those exceptions can be sustained. The only expression in that charge which is complained of in the argument of the counsel for the appellant is one which was not called to the attention of the court by an exception. The action of the court in making use of that expression is not presented for review.

It is not claimed in argument that the court was in error in refusing to give either of the written charges requested by the defendant. Under the evidence in the case he was not entitled to have either of those charges given.

Affirmed.