[Donald v. The State.]

# Donald v. The State.

## Murder.

(Decided February 11, 1915.  67 South. 624.)

1. *Evidence; Self-Serving Declaration.*—Evidence of the peace proceedings and contents of the affidavit sworn out by defendant in this case against deceased was not admissible because self-serving.

2. *Homicide; Evidence; Character of Deceased.*—It is only the general bad character of deceased as a turbulent or dangerous man that is competent proof on the issue of self-defense in a prosecution for murder; specific acts may not be shown.

3. *Same; Instructions.*—A charge asserting that the jury should consider whether or not the character of deceased was that of a violent man, as the defendant would be justified in taking more decisive measures of defense if deceased was the assailant and was a man of a dangerous nature, singled out the question of character and pretermitted other evidence.

4. *Same.*—A charge that if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to a party charged with crime, it is the duty of the jury to give that which is favorable, not only invades the province of the jury, but is argumentative as well.

5. *Charge of Court; Unintelligible.*—A charge which interpolates a word in such way as to make it meaningless, was properly refused.

6. *Trial; Examination of Witness.*—A question to defendant whether, if he had not dodged deceased would have cut him, was properly excluded.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Joe Donald was convicted of murder in the second degree, and he appeals.  Affirmed.

Defendant was charged with killing John Jones by shooting him with a pistol.  Defendant introduced one G. H. McRitchie and asked him if the defendant ever came up there to take out peace proceedings against Jones after that.  Objection was sustained on motion of solicitor.  Defendant also asked same witness if he had not heard that John Jones had shot at Dr. Reynolds.

The following charges were refused to defendant:

(1) In considering whether Donald or Jones was the aggressor in bringing on the difficulty in which Jones was killed, the jury should consider whether or not Jones' character was that of a violent, bloodthirsty man, for the law says that defendant was justified in taking more prompt and decisive measures of defense if Jones was the assailant and was a man of known dangerous and bloodthirsty nature.

(2) If defendant has proven good character, the law says that such good character should be considered by the jury along with all the other evidence in the case, and that it may be sufficient to generate a reasonable doubt as to the guilt of defendant, although no such doubt would have existed by such good character.

(3) It is a well-settled rule of law that if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to a party charged with crime, it is the duty of the jury to give that which is favorable rather than that which is unfavorable to the accused party.

No counsel marked for appellant.

W. L. MARTIN, Attorney General, for the State.

PELHAM, P. J.—Evidence of the "peace proceedings" and contents of the affidavit sworn out by the defendant against the deceased some weeks prior to the killing, before a person referred to as a "Mr. McRitchie," was not admissible, and the court committed no error in sustaining the solicitor's objections to questions calling for this testimony. Such evidence was not material to the issues before the court, except as proof of self-serving conduct that it was not permissible to show.

The court properly refused to let the defendant prove particular acts of violence of the deceased entirely disconnected with the killing in question, for the purpose of showing the turbulent or bloodthirsty character of the deceased.  It is only the general bad character of the deceased as a turbulent, bloodthirsty, revengeful, or dangerous man that is competent proof and proper evidence to explain, illustrate, or give meaning and point to the conduct of the deceased relative to the issue on the defendant's plea of self-defense.—*Dupree v. State,* 33 Ala. 380, 73 Am. Dec. 422; *Franklin v. State,* 29 Ala. 14.

It requires no discussion to show the correctness of the court's ruling in sustaining the solicitor's objection to the question asked the defendant, when being examined as a witness in his own behalf, "And if you hadn't dodged, he [deceased] would have cut you?"

The court could not be put in error for refusing charge 1, for the reason that it invades the province of the jury and singles out for consideration a question of character, pretermitting a consideration of all the other evidence.—*Pate v. State,* 150 Ala. 10, 43 South. 343.

Charge No. 2 is rendered meaningless and unintelligible by the use of the word "by," as that word last appears in the charge as set out, and the court might well have refused it on this account (*Steele v. State,* 159 Ala. 9, 48 South. 673), although the charge is otherwise faulty.

No duty rested on the court to give charge 3.  It is argumentative, and invades the province of the jury.— *Medley v. State,* 156 Ala. 78, 47 South. 218.

An examination of the transcript discloses no error requiring a reversal, and an affirmance.is ordered.

Affirmed.