## Smith v. The State.

### Murder.

(Decided April 3, 1917.   74 South. 755.)

1. **Homicide; Self Defense; Provoking Difficulty.**—In order to invoke the doctrine of self defense, a defendant must not be unmindful of his act, and if he shows a willingness to enter into a conflict, or by his acts, invites a conflict, he must be held to have provoked the difficulty, and cannot invoke the doctrine; any act intentionally done or word spoken which has a tendency to provoke the difficulty is wrongful.

2. **Same.**—But before the conduct of one accused of murder can be said to be wrongful, so as to cut off the right of self defense, his act must be done with knowledge of the circumstances, and of the fact that his conduct is likely to provoke a difficulty.

3. **Same.**—Ordinarily the question of whether defendant's conduct is wrongful or whether it brought on and encouraged the difficulty is a question of fact, and therefore for the jury.

4. **Charge of Court; Assuming Facts.**—A charge that if the jury believed beyond a reasonable doubt that by words or deeds defendant provoked the difficulty, then he cannot claim self defense, assumed that the conduct of defendant was wrongful, and invaded the province of the jury.

5. **Appeal and Error; Harmless Error; Evidence; Curing Error.**—The giving of an erroneous written charge is not cured by a correct statement of the law in the oral charge under Acts 1915, p. 815.

6. **Homicide; Self Defense.**—If defendant was at fault in bringing on the difficulty in the first instance, before he can set up self defense he must have withdrawn from the conflict in good faith, and announced his desire for peace by word or act.

7. **Same.**—Where defendant claimed that there was a struggle, and that he attempted to leave, whereupon deceased attacked him, a charge that if defendant sought to retreat and get out of the room and away from a diffi-

[Smith v. The State.]

culty, and deceased intercepted him, caught him and held him, and made a violent assault which he could not escape, then defendant's right of self defense was not cut off by any words theretofore passing, was refused without error.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Milton Smith was convicted of manslaughter, and he appeals. Reversed and remanded.

The defendant and Delbert Sisk were shooting craps in an outhouse used as a cotton bin, and a dispute arose as to whether defendant had won his point, and an altercation ensued in which Smith shot and killed Sisk with a pistol. The evidence is in conflict as to some of the details, but the tendencies were to show that after some words the parties arose from the ground, Smith started towards the door, and, as he passed by Sisk, Sisk grabbed Smith, throwing his left arm around his neck, crowded him back into a corner, and was striking him with his fist or a knife, when Smith shot him. The other tendencies were that when the dispute arose, Sisk called Smith a "damn liar," Smith repeating the same epithet to Sisk, when they went together and a pistol was fired. The court gave for the state the following charge:

(1) If you believe from all the evidence in this case beyond a reasonable doubt that Milton Smith either by words or deed provoked or encouraged the difficulty, then he cannot claim self-defense.

The following charge was refused to defendant:

(5) If defendant sought to retreat and get out of the room and away from a difficulty, and deceased intercepted him, caught and held him, and proceeded to make a violent assault on him which he could not escape then defendant's right of self-defense was not cut off by any words theretofore passing.

BOULDIN & WIMBERLY, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, P. J.—(1) Any act intentionally done or word intentionally spoken which under the circumstances had a tendency to provoke a difficulty would be wrongful within the meaning of the law, although ordinarily such word or act would not be wrongful. To save the right of self-defense, the defendant at the

time of and leading up to the homicide "must not be unmindful of his acts or conduct which are likely to produce a deadly combat, and if by his act or conduct he shows a willingness to enter the conflict, or if by those acts he invites it, he must be held to have produced the necessity for slaying his adversary, and cannot invoke the doctrine of self-defense."—*Reese v. State,* 135 Ala. 14, 33 South. 672; *Langham v. State,* 12 Ala. App. 46, 68 South. 504. He must be wholly free from fault.—*Brewer v. State,* 160 Ala. 66, 49 South. 336.

(2, 3) Before the conduct of the accused can be said to be wrongful in the sense that it operates to cut off the right of self-defense, his acts must be done with a knowledge of the circumstances surrounding him at the time, and that his conduct is likely to provoke a difficulty. If he is ignorant of the presence of his adversary and that his acts are likely to produce combat, and his conduct is in itself innocent, it would not be wrongful. The question as to whether the conduct of the accused is wrongful and whether it brought on, provoked, or encouraged the difficulty is one of fact for the jury.

(4) Charge 1 given at the instance of the solicitor is erroneous in assuming that the conduct of the defendant was wrongful and was invasive of the province of the jury.

(5) The harmful results arising from giving an erroneous charge are not cured by a correct statement of the law in the oral charge.—Acts 1915, p. 815.

(6, 7) If the defendant was at fault in bringing on the difficulty in the first instance, before he could set up self-defense he must have withdrawn from the conflict in good faith and announced his desire for peace by word or act.—*Parker v. State,* 88 Ala. 4, 7 South. 98; *Brewer v. State, supra.* Charge 5 was refused without error.

We have examined the other exceptions, and find nothing to warrant further discussion.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.