(93 South. 216)

## LOVELL v. STATE. (8 Div. 941.)

(Court of Appeals of Alabama. June 6, 1922.)

1. Homicide ⊕⇒307(4)—Requested charge to acquit of assault to murder, if defendant fired without intent to kill, held bad.

In a prosecution for assault to murder, a requested charge to find for defendant, if he did not fire with intent to kill, was bad; the lesser offenses, of either of which defendant may have been guilty without having the specific intent to kill, being embraced in the indictment.

2. Criminal law ⊕⇒363—Acts and words at another time and place than those of alleged assault inadmissible.

Everything said or done at or near the time and place of a difficulty leading to an alleged assault with intent to murder and closely connected therewith is admissible as part of the res gestæ, but what was said and done at another time and place is not.

3. Criminal law ⊕⇒1056(1)—Statements of law in oral charge not reviewed, in absence of exceptions.

In the absence of exceptions to the court's oral charge, the appellate court will not review statements of law contained therein.

4. Criminal law ⊕⇒1159(1)—Finding not disturbed, where evidence presents question of fact for jury under fair charge of court.

Where the evidence presents a question of fact for the jury under a fair charge of the court, the finding will not be disturbed.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Fletcher Lovell was convicted of assault to murder, and he appeals. Affirmed.

George E. Barnett, of Florence, for appellant.

The court erred in refusing the charge requested. 77 Ala. 53; 86 Ala. 16, 5 South. 651; 128 Ala. 51, 29 South. 578; 98 Ala. 23, 13 South. 329. The oral charge of the court is a part of the record, and must be considered as such in a criminal case. Acts 1915, p. 815; 89 South. 98.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The defendant requested this charge:

"I charge you, gentlemen of the jury, if you do not believe from the evidence, beyond all reasonable doubt, that defendant fired the gun with the intent to kill Van Lovell, you must find your verdict for the defendant."

This charge was refused. This charge is obviously bad, for the reason that the lesser offenses are embraced in the indictment of

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

either of which the defendant may have been guilty without having the specific intent to kill.

[2] Everything said or done at or near the difficulty and closely connected therewith is a part of the res gestæ and admissible in evidence, but what was said and done at another time and place was not. Everything that took place while the difficulty was in progress was admissible, and what transpired at the still the morning before was not.

[3, 4] There were no exceptions reserved to the court's oral charge, in the absence of which this court will not review the statements of law contained therein. Montgomery v. State, 17 Ala. App. 469, 86 South. 132 (minority opinion); Ex parte State ex rel., etc., Montgomery v. State, 204 Ala. 389, 85 South. 785. The evidence presented a question of fact for the jury under a fair charge of the court, and therefore we will not disturb the finding.

We find no error in the record, and the judgment is affirmed.

Affirmed.