(106 So. 390)

## WILKS v. STATE.    (4 Div. 105.)

(Court of Appeals of Alabama.   Nov. 24, 1925.)

Homicide ⬅234(5)—Evidence held not to sustain conviction.

In prosecution for murder, in which only affirmative proof was that defendant, while present, did nothing to aid or abet crime, evidence that defendant was engaged in manufacture of whisky and tending to prove that he aided in removing body *held* insufficient to sustain conviction.

Appeal from Circuit Court, Pike County; George F. Smoot, Judge.

Frank, alias Frankie, Wilks was convicted of murder in the second degree, and he appeals. Reversed and remanded.

J. C. Fleming and J. N. Ham, both of Elba, for appellant.

It was error to allow the state to prove a crime other than the one charged in the indictment. Powell v. State, 20 Ala. App. 606, 104 So. 551; Tyre v. State, 20 Ala. App. 483, 103 So. 91; Kelly v. State, 17 Ala. App. 577, 88 So. 180. Defendant was due the affirmative charge.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The action of the court in overruling defendant's motion for a new trial was free from error. Whitehead v. State, 206 Ala. 288, 90 So. 351; Houston v. State, 208 Ala. 660, 95 So. 145; Code 1923, § 9507; Shoemake v. State, 17 Ala. App. 461, 86 So. 151.

SAMFORD, J. The contention of the state is that this defendant aided or abetted in the murder of one Jim Stewart. There is no evidence of a conspiracy on the part of this defendant prior to the killing, and the evidence of Zollie McLendon, the only eyewitness examined by the state, and who was jointly indicted for the murder, was:

"I didn't encourage them or sick them on. Frankie [defendant] did not either. Nobody had anything to do with it but Henry [Wilks] and Mr. Harden."

This was the only witness to the facts of the killing, and there was no other evidence from which an inference could be drawn connecting the defendant with the killing. There was some evidence that this defendant was engaged in the manufacture of whisky and testimony tending to prove that this defendant, after the death of Stewart, aided in removing the body of deceased, at the suggestion of Harden that it would not do for the body to be found at the still. These facts might have been taken and considered against the defendant on a charge of violating prohibition law, for the reason that there was evidence connecting defendant with such a crime. But the affirmative evidence as given by the state's own witnesses is to the effect that this defendant was in no way responsible for the killing of Stewart. . This being the case, the subsequent acts of defendant could not have been the result of a consciousness of guilt of the crime of homicide, however much it may have related to the other crime with which he was connected.

In the case of Montgomery v. State, 17 Ala. App. 469, 86 So. 132, it was held that the act of defendant in seeking to hide the dead body of the party murdered was relevant as a circumstance tending to prove guilt, because there was affirmative proof that defendant had committed the homicide, while in the case at bar the affirmative proof is to the effect that defendant, while present, did nothing to either aid or abet the crime. It may be here stated that Harden and Henry Wilks, the parties shown to have been guilty, have been convicted and the judgments of conviction affirmed. Harden v. State, 211 Ala. 656, 101 So. 442; Henry Wilks v. State, post, p. 700, 106 So. 926.

The motion for a new trial should have been granted, and, if upon another trial there should not be other evidence connecting the defendant with the killing, either actually or by aiding or abetting those who did, the defendant should be discharged. Moon v. State, 19 Ala. App. 176, 95 So. 830.

For the error in refusing to grant a new trial, the judgment is reversed, and the cause is remanded. ᐧ

Reversed and remanded.